COMMONWEALTH *vs.* RICHARD D. O'LEARY. January 20, 1984. *Practice, Criminal,* Dismissal.

The Commonwealth appeals from the dismissal of a complaint against the defendant (assault and battery by means of a dangerous weapon) because of

the Commonwealth's lack of preparation. A transcript of the hearing on June 25, 1982, and the docket entries provide the following information.

The defendant was arraigned on April 9, 1982, and trial was scheduled for June 25, 1982. A number of the defendant's discovery motions were heard and allowed on June 16, 1982, and the Commonwealth was ordered to answer by June 23, 1982, two days before trial. On June 18, 1982, the assistant district attorney received from the Quincy police department a list of officers who would be available for trial. The list indicated that the arresting officer on the defendant's case, a witness considered essential by the prosecution, was on vacation and would not be present on the day of trial. Moreover, his reports would, under normal police practice, remain locked in his locker while he was on vacation.

On discovering that the officer would be unavailable, the prosecutor on June 18, 1982, informed Mr. McFee (designated in the Commonwealth's brief as the chief administrator and scheduling officer of the Quincy District Court) of the problem and requested a continuance. Counsel for the defendant was not notified of that request until June 23. Despite the orders requiring the Commonwealth to reply to the discovery requests, the Commonwealth failed to file a motion for extension of time for compliance with the judge's orders. In addition, no attempt was made by the prosecution to answer any of the discovery requests, although it was conceded that some could be answered without the presence of the officer. It was apparent that, although the date for trial had been set six weeks in advance, no arrangement had been made by the prosecutor with the Quincy police department to ensure that the necessary witnesses would be available on the day of trial.

The judge, quite understandably, was dismayed by the prosecutor's lack of preparation and concern for the court's orders and calendar. Although we do not excuse the prosecutor's lack of preparation, his disregard of the judge's orders and his discourtesy to the defendant, the remedy of dismissal appears, on the record before us, to have been too drastic a solution. "Absent egregious misconduct or at least a serious threat of prejudice, the remedy of dismissal infringes too severely on the public interest in bringing guilty persons to justice." *Commonwealth* v. *Cinelli*, 389 Mass. 197, 210 (1983). The judge made no findings, and the record does not reveal any serious threat of prejudice.

Accordingly, the order of dismissal is vacated, and the matter is remanded to the District Court for a hearing on the proper sanctions to be applied. In the event that the trial judge determines that the defendant has suffered prejudice[1] from the Commonwealth's delay in June, 1982,

---

[1] As the judge allowed the defendant's motion to dismiss without requiring a showing of prejudice, we cannot determine on the record before us that no such showing could have been made.

and that no other sanction is appropriate, he may again order dismissal. If so, he shall set forth the facts relating to the Commonwealth's lack of diligence and the facts establishing the prejudice to the defendant and shall explain why other sanctions are inadequate. See *Litton Business Tel. Syss., Inc.* v. *Schwartz,* 9 Mass. App. Ct. 847 (1980).

*So ordered.*

*Charles J. Hely,* Assistant District Attorney, for the Commonwealth.