COMMONWEALTH *vs.* ANTHONY V. CARRUNCHIO. June 21, 1985. *Practice, Criminal*, Dismissal, Continuance. *Law of the Case*.

Following routine preliminaries, which included two continuances requested on behalf of the defendant, the case was set down for trial on August 8, 1984. On January 17, 1984, complaints had issued against the defendant for larceny and possession of burglarious instruments. The August trial date had been set on June 11, 1984, when defense counsel asked for a continuance, and on that occasion the presiding judge had noted in writing that there was to be no further continuance.

---

On the day before the trial, the prosecution awoke to the circumstance that its principal witness, a police officer, was off on summer vacation. The Commonwealth at once notified the defendant's lawyer and informed him that it would have to ask for a continuance. When the matter, the following morning, came before a judge of the District Court other than the one who had granted the previous continuance, the defense objected to a further continuance — although it was the first one sought by the Commonwealth — and moved that the complaints be dismissed. The judge denied the motion for a continuance and dismissed the complaints. He did so because he thought himself bound by the endorsement on the scheduling order — made by the first judge — that there was to be no further continuance. This was error and we vacate the order of dismissal.

When the case came on for trial on its scheduled date there had been no history of dilatory conduct by the Commonwealth. It is regrettable that the government did not coordinate trial dates and vacation schedules (see for a similar instance, *Commonwealth* v. *O'Leary*, 17 Mass. App. Ct. 979, 980 [1984]), but dismissal of the case was Draconian. The defense concedes that it would not have been prejudiced by a prompt rescheduling of the matter, and was not prejudiced by such delay as occurred at the time. It is not unusual for people to be on vacation during the summer months and reasonable accommodation to vacations is appropriate.

In the absence of egregious misconduct or a serious risk of prejudice, dismissal unreasonably impairs the public interest in bringing accused persons to trial. *Commonwealth* v. *Cinelli*, 389 Mass. 197, 210 (1983). As this case richly illustrates, the order of dismissal neither expedited the case nor conserved judicial resources. To the contrary, the order has delayed the case and wasted the time of several judges and of all counsel. The "no continuance" order of the prior judge is not a proper reason for what, on the facts, was an unreasonable exercise of discretion. While it is appropriate for a judge to honor what a colleague has ordered earlier in a case, that is a practice, not an inflexible rule. Until final judgment, it is open to a judge to modify a prior order if deviation from the prior order is called for in the light of subsequent events, the public interest, or the interests of the parties. *Peterson* v. *Hopson*, 306 Mass. 597, 601-604 (1940). *Boylston Housing Corp.* v. *O'Toole*, 321 Mass. 538, 544-545 (1947). *Salter* v. *Scott*, 363 Mass. 396, 401-402 (1973). *Serody* v. *Serody*, 19 Mass. App. Ct. 411, 412 (1985). *Burns* v. *Massachusetts Inst. of Technology*, 394 F.2d 416, 418 (1st Cir. 1968). See Lummus, The "Law of the Case" in Massachusetts, 9 B.U.L.Rev. 225 (1929).

The record appendix in the case discloses that, after dismissal, the Commonwealth applied for new complaints, but that these were unaccountably denied by the clerk-magistrate. The Commonwealth appealed to a judge of the Hingham District Court from that denial but that appeal has never been acted upon.

The order of dismissal of the complaints is vacated. If the Commonwealth proposes to press the case against the defendant, it shall, within twenty business days of the issuance of the rescript in this case, move for trial. The case shall be scheduled for trial within sixty days of the issuance of the rescript. The rescript of this court shall issue to the lower court at once. See Mass.R.A.P. 23, as appearing in 367 Mass. 921 (1975).

*So ordered.*

*Mary Ellen O'Sullivan* for the Commonwealth.
*Ronald Eric Gluck* for the defendant.