COMMONWEALTH vs. DEREK CONNELLY.

Worcester. April 4, 1994. - June 2, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Practice, Criminal*, Dismissal, Conduct of prosecutor, Continuance.

A judge in the bench session of a District Court erred in dismissing with prejudice three criminal complaints, where the prosecutor's failure to ensure the presence of a police officer witness on the date of trial was neither egregious prosecutorial misconduct nor a serious risk of prejudice to the defendant. [38-39]

COMPLAINTS received and sworn to in the Worcester Division of the District Court Department on March 16, 1992.

The complaints were ordered dismissed by *Dennis J. Brennan*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Sandra L. Hautanen*, Assistant District Attorney, for the Commonwealth.

*John J. Russell* for the defendant.

LYNCH, J. The Commonwealth appeals from a District Court judge's order dismissing with prejudice three criminal complaints against the defendant. The Appeals Court affirmed the order in an unpublished memorandum pursuant to its rule 1:28, 35 Mass. App. Ct. 1111 (1993). We allowed the Commonwealth's application for further appellate review, and now reverse.

On March 16, 1992, the defendant was arraigned on charges of breaking and entering in the night time with the intent to commit a misdemeanor (G. L. c. 266, § 16A [1992 ed.]), being a disorderly person (G. L. c. 272, § 53 [1992 ed.]), and trespassing (G. L. c. 266, § 120 [1992 ed.]). The matter was initially scheduled for trial on April 10, 1992, but

was continued at the defendant's request and rescheduled for trial on May 8, 1992. On that date, the prosecutor requested a continuance because a material witness for the prosecution, a police officer, was not present. The prosecutor had not contacted the officer since April 10, but the officer had been present on that date and was presumably aware of the May 8 trial date. After the prosecutor informed the judge that attempts throughout the morning of May 8 to reach the officer had been unsuccessful, the judge denied the prosecution's motion to continue and dismissed the case with prejudice after the Commonwealth refused to proceed.

The Commonwealth argues that the judge erred in dismissing the complaints with prejudice because there was no egregious prosecutorial misconduct nor a serious risk of prejudice to the defendant. The defendant simply argues that society's interest in judicial economy and prompt resolution of "minor criminal matters" weighs in favor of allowing the judge to dismiss this case with prejudice.

Where a dismissal is without prejudice, the judge's action should be upheld in the absence of an abuse of discretion. *Commonwealth* v. *Anderson*, 402 Mass. 576, 579 (1988), and cases cited. Where, as here, the dismissals are with prejudice, there must be a showing of egregious misconduct or at least a serious threat of prejudice. *Commonwealth* v. *Cronk*, 396 Mass. 194, 199 (1985). Although we do not excuse the prosecutor's failure to ensure that the police officer would be present on May 8, we conclude that such conduct does not rise to the level of "egregious misconduct." *Commonwealth* v. *Carrunchio*, 20 Mass. App. Ct. 943, 944 (1985). See *Commonwealth* v. *O'Leary*, 17 Mass. App. Ct. 979, 980 (1984).

The prosecutor was prepared to go forward on April 10, 1992, when the defendant requested a continuance. On May 8, she said that she had spoken with the alleged victim on three occasions after April 10, and that she was available as a witness. However, both the prosecutor and the defense attorney expressed great reluctance to call her because she was

an eighty-three year old woman who apparently continued to be traumatized by the incident in question.

In dismissing the case, the judge expressed concern over the court calendar and the need to move cases along. However, "[c]oncern for the avoidance of a congested [court] calendar must not come at the expense of justice." *Monahan* v. *Washburn*, 400 Mass. 126, 129 (1987). The judge made no finding and the defendant makes no argument that the defendant would have been prejudiced if the complaints were simply dismissed. Although it is clear that the prosecutor's conduct inconvenienced the court, the defendant, his attorney, and his witness, such inconvenience does not, in the circumstances of this case, prejudice the defendant's ability to receive a fair trial. *Commonwealth* v. *Cronk*, *supra* at 201. See *Commonwealth* v. *Jackson*, 27 Mass. App. Ct. 521, 523 (1989). See also *Commonwealth* v. *O'Leary*, *supra* at 980 (remedy of dismissal based on prosecutor's lack of preparation and disregard of judge's orders "too drastic").

Accordingly, we reverse the order of dismissal with prejudice and remand for further proceedings not inconsistent with this opinion.

*So ordered.*


LIACOS, C.J. (concurring, with whom Nolan, J., joins). I agree that the judge erred in dismissing the complaints with prejudice because there was neither egregious prosecutorial misconduct nor a serious risk of prejudice to the defendant. I write separately simply to point out that the judge's seemingly drastic response to one episode of conduct by the Commonwealth which "inconvenienced the court, the defendant, his attorney, and his witness," *ante* at 39, was likely the result of numerous similar episodes. A judge's frustration, when faced with instance upon instance of calling cases to trial only to find that the Commonwealth cannot proceed because a necessary police officer witness has not shown up is, in my view, quite understandable. Of course, under the case

law, it is not a justification for dismissing a case with prejudice. *Commonwealth* v. *Cronk*, 396 Mass. 194, 199 (1985). Yet, it does go some way toward explaining the judge's reaction, and will, I hope, indicate to the Commonwealth (and to defense counsel) that greater diligence by counsel is required so that cases can be disposed of more efficiently. The lack of diligence by the prosecutor in this instance may be explicable by the pressures placed on prosecutors, as well as courts, faced with large numbers of cases but without adequate resources to respond efficiently. Nevertheless, incidents of this kind bring disrepute to the administration of justice. Greater care must be taken by all to avoid the recurrence of such incidents.