COMMONWEALTH vs. PEDRO ORTIZ. July 3, 1997. *Practice, Criminal,* Dismissal, Conduct of prosecutor.

The Commonwealth appeals from an order of a Superior Court judge dismissing, with prejudice, indictments charging the defendant with one count each of assault and battery by means of a dangerous weapon (handgun), discharging a firearm within 500 feet of a dwelling, and illegal possession of a firearm. The indictments, returned on March 1, 1994, arose from an incident occurring in Holyoke on October 16, 1993, during which the defendant allegedly shot the victim. The alleged victim chose the defendant's photograph from an array presented to him, but later recanted certain aspects of his original statement.[1]

Trial was scheduled for July 12, 1994. In the course of several court appearances prior to the trial date, the parties advised the court of their inability to locate the alleged victim. At a July 7, 1994, hearing on the defendant's motion

---

[1]Despite the victim's recantation, of which the grand jury were informed, the grand jury indicted the defendant on the charges detailed above.

to suppress the alleged victim's photographic identification of the defendant, defense counsel informed the motion judge that the presiding judge at an earlier conference had continued the case to that date for the purpose of determining whether the alleged victim could be located. Defense counsel recalled that the judge had instructed the parties that the case would be dismissed if the alleged victim was not located by the time of the hearing. The prosecutor disputed this assertion. The judge then continued the hearing on the defendant's motion to the trial date. The judge informed the parties, and noted on the docket sheet, that "[i]f the victim does not appear on 7/12/94 at 9:30 A.M.[,] the case is to be dismissed." When the alleged victim failed to appear on the trial date, the judge dismissed the case, with prejudice. The Commonwealth objected.

As a preliminary matter, we note that this appeal was originally docketed in the Appeals Court pursuant to G. L. c. 278, § 28E. Acting on the mistaken belief that § 28E required the appeal to be docketed in this court, the Commonwealth subsequently notified the respective clerks of the courts, and, with their assent, entry of the appeal was vacated by the Appeals Court and the case was entered in this court. For the reasons cited in *Commonwealth v. Friend*, 393 Mass. 310, 311-314 (1984), this appeal properly was brought in the Appeals Court in the first instance and should not have been entered in this court. We nonetheless address the merits of the appeal.

The Commonwealth argues that the judge erred in dismissing the indictments with prejudice because there was neither egregious prosecutorial misconduct nor a serious risk of prejudice to the defendant. Where a dismissal is with prejudice, "there must be a showing of egregious misconduct or at least a serious threat of prejudice." *Commonwealth v. Connelly*, 418 Mass. 37, 38 (1994), citing *Commonwealth v. Cronk*, 396 Mass. 194, 199 (1985). "Dismissal of indictments is a drastic remedy for official misconduct." *Commonwealth v. Cinelli*, 389 Mass. 197, 210, cert. denied, 464 U.S. 860 (1983). "[T]he public has a substantial interest in prosecuting those accused of crime and bringing the guilty to justice." *Commonwealth v. King*, 400 Mass. 283, 290 (1987). See *Commonwealth v. Perito*, 417 Mass. 674, 681 (1994).

At the July 7, 1994, hearing both the prosecutor and defense counsel advised the judge of the difficulty they were having in locating the alleged victim. Defense counsel, who wished to interview the alleged victim about his partial recantation, advised the judge that the prosecutor had "made every effort to" provide him with the alleged victim's address and telephone number. Although the alleged victim was not present at the hearing, the prosecutor had summoned the police officers who were present during the photographic identification and they were available to testify.

Furthermore, on the trial date, the prosecutor advised the judge that the alleged victim had been located and had been served with a subpoena in hand the prior evening. He further informed the judge that he had a copy of the in-hand service and that the police officer who served the alleged victim was in court. He also requested that the judge grant a continuance and issue a capias, because without it, the Commonwealth would be unable to procure the alleged victim's presence in court. The police officer assured the judge that the alleged victim could be located and brought to court.

While the prosecutor's delay in locating the alleged victim inconvenienced the court, the defendant, and his attorney, "such inconvenience does not, in the

circumstances of this case, prejudice the defendant's ability to receive a fair trial." *Commonwealth* v. *Connelly*, *supra* at 39, citing *Commonwealth* v. *Cronk*, *supra* at 201. Furthermore, the judge did not make a finding, and the defendant does not argue, that he would have been prejudiced if the indictments had been simply dismissed. See *Commonwealth* v. *Connelly*, *supra*. At all relevant times, the defendant was not in custody on these charges.

The defendant argues, among other things, that the prosecutor impliedly agreed to the dismissal when he asserted at the July 7, 1994, hearing that if the alleged victim was still "unable to be located" by the trial date, he "wouldn't have much right to oppose a dismissal." First, there is nothing in the record that indicates that the Commonwealth intended to agree to a dismissal with prejudice. Second, the Commonwealth located the alleged victim by the trial date. None of the other arguments made by the defendant in his brief has merit. There was neither egregious prosecutorial misconduct nor a serious threat of prejudice to the defendant in the circumstances of this case, and therefore, dismissal with prejudice was unwarranted.

Accordingly, we vacate the order of dismissal and remand for further proceedings not inconsistent with this opinion.

*So ordered.*

The case was submitted on briefs.

*Judy Zeprun Kalman & Marcia B. Julian*, Assistant District Attorneys, for the Commonwealth.

*William T. Walsh, Jr.*, for the defendant.