COMMONWEALTH *vs.* WILLIE JENKINS.

Suffolk. April 4, 2000. - May 12, 2000.

Present: MARSHALL, C.J., ABRAMS, GREANEY, SPINA, & COWIN, JJ.

*Practice, Criminal,* Indictment, Dismissal. *Supreme Judicial Court,* Superintendence of inferior courts.

The Commonwealth was not entitled to extraordinary relief pursuant to G. L. c. 211, § 3, from a Superior Court judge's dismissal of an indictment without prejudice for lack of prosecution, where the Commonwealth was not without remedy, viz., prosecution of the case on a new indictment. [504]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 15, 1999.

The case was considered by *Lynch,* J.

*Mark Lee,* Assistant District Attorney, for the Commonwealth.

*Catherine K. Byrne,* Committee for Public Counsel Services, for the defendant.

ABRAMS, J. The Commonwealth sought relief from a single justice of this court pursuant to G. L. c. 211, § 3, from an order of a Superior Court judge dismissing without prejudice the indictment against the defendant, Willie Jenkins, and ordering his immediate release. The single justice denied the Commonwealth's petition and the Commonwealth appeals from this judgment. We now affirm the judgment of the single justice.

1. We recite the undisputed facts. On July 24, 1998, and August 3, 1998, a Suffolk County grand jury indicted the defendant for the crimes of trafficking in cocaine, trafficking in cocaine in a school zone, and possession with intent to distribute marijuana as a second and subsequent offense. The defendant was arraigned and a judge deemed the case a "tracking order" case.[1] Under this order, November 16 was the presumptive date for the filing of evidentiary motions and the supplemental joint

---

[1]The parties agree that "[t]he 'tracking order' provides for all drug cases to be placed on an expedited schedule for discovery, motions, and trial. Pre-

pretrial conference report and December 8 was the presumptive date for trial.

· On November 16, a judge[2] continued the case until December 1, on the defendant's motion, because the Commonwealth had not yet been able to procure a document sought by the defendant. On December 1, the motion judge granted the defendant a continuance until January 11, 1999, for the defendant to subpoena additional material in preparation for trial. The Commonwealth did not object to either continuance.

On approximately December 3, 1998, the prosecutor and the defendant each received a letter from the clerk's office notifying the parties to be ready for trial on December 28. Approximately two weeks later, the defendant filed a motion to continue the case to a date after January 18, 1999.[3] The prosecutor did not object, and January 19 was set as the trial date.

Subsequently, on approximately January 8, the prosecutor learned that one of the Commonwealth's two percipient witnesses, a police officer, would be out of the State on vacation from January 15 to January 25. The prosecutor immediately drafted a motion to continue and telephoned the clerk in the trial judge's session. Given the late hour of the day, the clerk advised the prosecutor to file the motion on the next business day (January 11). When the prosecutor attempted to file the motion on January 11, a different clerk informed the prosecutor that the judge would not entertain the motion without opposing counsel.[4]

The next day, January 12, the prosecutor and the defense counsel met with the judge in an informal lobby conference. At this conference, the judge advanced the case to January 15. When the prosecutor reminded the judge that the officer was scheduled to leave on January 15, the judge directed the prosecutor to ascertain the time of the officer's departure. Later

---

determined dates for the filing of the pretrial conference report, the filing of nonevidentiary motions, the completion of discovery, hearings on disputed nonevidentiary motions, the filing of evidentiary motions, suppression hearings, and trial were given to the parties at [the] defendant's arraignment."

[2]This judge was not the trial judge.

[3]In support of the motion to continue, defense counsel cited the vacation of a witness from December 21, 1998, to January.18, 1999, among other reasons.

[4]The prosecutor telephoned defense counsel concerning the ˙scheduling conflict. Defense counsel indicated that she would not oppose a continuance and also stated that she did not need to be present for the hearing on the matter.

that afternoon, the prosecutor learned that the officer's flight was scheduled to depart at 5:40 P.M. The officer also stated that she would be unavailable on January 15 because of previously scheduled appointments.[5]

When the prosecutor reported this information to the trial judge on January 13,[6] the judge told the prosecutor to inform the officer that the court could work around the officer's schedule and that she could run into court, testify, and then run back out of court. The prosecutor interpreted this response as a refusal to address the motion to continue and an order to have the officer appear on January 15. He replied that his only recourse would be to send the officer a summons, and the judge directed him to take that action.

Later that afternoon, the prosecutor spoke with the officer and informed her that the trial judge had directed him to summons her. The prosecutor also spoke with a captain from the officer's station house, who contacted the prosecutor on behalf of the officer. The captain indicated that the officer might not receive the summons because she was not scheduled to be at work on January 14. Nevertheless, the prosecutor sent a summons by facsimile transmission to the officer's station house.

The prosecutor also spoke with a supervisor in the district attorney's office, on January 13 and again on January 14, regarding these events. They agreed to inform the captain that the officer would not be needed on January 15. They further agreed that the Commonwealth would answer not ready for trial on January 15.

On January 15, the Commonwealth announced that it was not ready for trial, citing many of the reasons set forth above. After an extensive colloquy, the trial judge, on her own motion, dismissed the indictments without prejudice, citing "lack of prosecution" as the basis. The trial judge ordered the immediate release of the defendant, subject to a District Court warrant.

The prosecutor immediately filed a petition in this court, pursuant to G. L. c. 211, § 3, seeking an emergency stay of the trial judge's order of release. A single justice denied the petition without a hearing on January 15. The Commonwealth timely filed a notice of appeal, purportedly pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 (1995). We issued an order that rule 2:21

[5]The officer attempted to move her appointments, but was unable to do so.
[6]These proceedings also were conducted in an informal lobby conference.

was not applicable, but allowed the Commonwealth to pursue its appeal according to the regular appellate process.

2. The single justice correctly ruled that the Commonwealth was not entitled to extraordinary relief pursuant to G. L. c. 211, § 3. Extraordinary relief pursuant to G. L. c. 211, § 3, is available only where there is no other remedy. Here, the Commonwealth is not precluded from prosecuting the case on a new indictment. Contrast *Commonwealth* v. *Super, ante* 492 (2000).

We take this occasion to note that a judge has inherent authority to dismiss an indictment sua sponte. This is a necessary corollary of the judge's authority to process criminal cases. "Because the allowance of a motion to dismiss ends the Commonwealth's prosecution, it has the right to appeal the allowance of a motion to dismiss. . . ." *Ventresco* v. *Commonwealth*, 409 Mass. 82, 83 n.1 (1991). A dismissal by a judge ends the Commonwealth's prosecution. Therefore, notwithstanding the rule and statute, if a judge dismisses an indictment on his or her own motion, the Commonwealth has a right of appeal in the same manner as provided by Mass. R. Crim. P. 15, as appearing in 422 Mass. 1501 (1996),[7] and G. L. c. 278, § 28E. See *Commonwealth* v. *Ortiz*, 425 Mass. 1011, 1012 (1997) (appeal of dismissal of indictments properly brought in Appeals Court in

---

[7]Because a defendant has a right of appeal in the event of a conviction, there is no corresponding right of a defendant to appeal the denial of a motion to dismiss. "The denial of a motion to dismiss pursuant to Mass. R. Crim. P. [15, as appearing in 422 Mass. 1501 (1996),] is not appealable by a defendant until after trial. General Laws c. 211, § 3, may not be used to circumvent our rule. There is a two-part test to identify those limited circumstances [in] which we will review interlocutory matters under c. 211, § 3. 'To obtain review, a defendant must demonstrate both a substantial claim of violation of his substantive rights and irremediable error, such that he cannot be placed in statu quo in the regular course of appeal.' *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980). A single justice of this court, however, may decide or may reserve and report an issue raised by a complaint pursuant to G. L. c. 211, § 3. Unless the single justice determines that the denial of a motion to dismiss meets this standard and either decides the issue or reports the matter to the full court, a defendant cannot receive review under that statute of the denial of a motion to dismiss. General Laws c. 211, § 3, is not a substitute for normal appellate review of interlocutory orders. See *Morrissette* v. *Commonwealth, supra* at 198; *Francis* v. *District Attorney for the Plymouth Dist.*, 388 Mass. 1009, 1010 (1983); *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 312 (1975). 'The supervisory power of this court is used sparingly.' *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977)." (Footnote omitted.) *Ventresco* v. *Commonwealth*, 409 Mass. 82, 83-84 (1991). See *Epps* v. *Commonwealth*, 419 Mass. 97, 99-100 (1994).

first instance); *Commonwealth* v. *Friend*, 393 Mass. 310, 314 (1984) ("an appeal by the Commonwealth from an order or decision dismissing an indictment in the Superior Court must first be entered in the Appeals Court").

We add that the officer's long-standing vacation plans were entitled to respect. It was not reasonable for the judge to expect the officer to be in a courtroom on the witness stand just hours before her departure. It also was unreasonable for the court to expect the witness to alter or change her appointments and plans. Further, in the event the officer did not begin or complete her testimony within the available time, the officer would have to forgo long-standing plans. That type of stress on a witness is unfair and unnecessary. See *Commonwealth* v. *Super, supra* at 497.

The matter is remanded to the county court for entry of a judgment affirming the single justice's judgment.

*So ordered.*