COMMONWEALTH *vs.* JOHN E. HEISER (and a companion case[1]). No. 00-P-804. November 18, 2002. *Practice, Criminal,* Dismissal, Conduct of prosecutor, Complaint.

The defendants were charged in complaints in the District Court alleging violations of G. L. c. 94C, §§ 32 (subsequent offense), 34, 40. On the day scheduled for trial, the cases were dismissed by the judge. The Commonwealth then obtained new complaints in the same court. At the outset of a proceeding based on the new complaints, the judge recalled he previously had dismissed the cases "because the police didn't show up for trial," and stated, "I dismissed the case[s] on the day of trial because the Government chose not to proceed [with] trial and the defendant[s] were here ready for trial." He also said, "I'm going to dismiss these two complaints again. . . . If you want to

---

[1]Commonwealth *vs.* Marjorie A. Heiser.

proceed against [the defendants], you are going to have to indict them in the Superior Court . . . ." After objecting, the prosecutor asked whether the docket would reflect a dismissal without prejudice, and the judge stated that the dismissal was "by the court; prejudice doesn't really apply at this particular point." He further noted that the Commonwealth had rejected a plea offer made by the defendants and ordered that the cases were not to be refiled in the District Court. The Commonwealth appeals the judge's orders of dismissal.

Notwithstanding the judge's indication that he had not ruled whether the dismissal was with or without prejudice, his refusal to consider the new complaints, and his order that they not be refiled in the District Court, effectively constituted a dismissal of those complaints with prejudice. Such a dismissal may only be made when there is a showing of "egregious misconduct" by the prosecution or "at least a serious threat of prejudice" to the defendants. *Commonwealth* v. *Connelly,* 418 Mass. 37, 38 (1994). There is no indication in the record that the judge held an evidentiary hearing or made findings of fact to support his ruling. See *Commonwealth* v. *Hernandez,* 421 Mass. 272, 277-278 (1995). All that appears in this record is a reflection of the "judge's frustration, when faced with . . . [an] instance of calling cases to trial only to find that the Commonwealth cannot proceed because a necessary police officer witness has not shown up." *Commonwealth* v. *Connelly, supra* at 39-40 (Liacos, C.J., concurring). Such frustration, while understandable, "is not a justification for dismissing a case with prejudice." *Id.* at 40. Moreover, it was improper to dismiss the cases without following the procedures established in *Commonwealth* v. *Brandano,* 359 Mass. 332, 335-337 (1971).[2] See Smith, Criminal Practice & Procedure § 1525 (2d ed. 1983). Compare *Commonwealth* v. *Peterson,* 51 Mass. App. Ct. 779, 783-784 (2001). We conclude it was error to dismiss the cases over the Commonwealth's objection.

The erroneous dismissal aside, any judicial determination that the charges against the defendants were to be tried in the Superior Court should have been preceded by a "bind-over" or probable cause hearing and an unambiguous declination of jurisdiction with respect to those charges within the District Court's final jurisdiction. See G. L. c. 218, § 30; Dist./Mun.Cts.R.Crim.P. 4(f) (1996); *Commonwealth* v. *Mesrobian,* 10 Mass. App. Ct. 355, 357 (1980).

We discern no merit in the contention of the defendants that the Commonwealth's failure to appeal from the dismissal of the original complaints is a bar to a review in this court of the dismissal of the new complaints. The record in this case does not contain the original complaints or dockets, or any other materials, that indicate the nature of the District Court's disposition of

---

[2]In *Commonwealth* v. *Brandano, supra* at 337, the court stated the following: "When dismissal of a case is proposed by . . . the judge without the consent of the Commonwealth, the defendant shall file an affidavit in support of a dismissal which shall contain all the facts and the law relied upon in justification of a dismissal. The Commonwealth may file a counter affidavit, and, as to matters contained in the affidavits which are in dispute, there shall be a hearing, unless the judge concludes that on the face of the affidavits 'the interests of public justice' do not warrant a dismissal. If the judge concludes that the 'interests of public justice' require a dismissal he shall record the findings of fact and the reasons for his decision." These "procedures are applicable to proceedings in the District Court." *Commonwealth* v. *Zannino,* 17 Mass. App. Ct. 73, 80 (1983).

the original complaints. Reliance by the defendants on *Monahan* v. *Commonwealth*, 414 Mass. 1001 (1993), is misplaced. In that case, the court held the Commonwealth could not merely refile complaints after they had been dismissed with prejudice. Here, in the absence of any indication that the original complaints were dismissed with prejudice, no reason appears why the Commonwealth could not seek new complaints against the defendants rather than appeal from the dismissal of the original complaints. Compare *Commonwealth* v. *Joseph*, 27 Mass. App. Ct. 516, 518-519 (1989). The Commonwealth's present appeal is based entirely on the disposition of the new complaints which, as we have indicated, constituted a dismissal with prejudice. The Commonwealth's appeal, therefore, is properly before us. Compare *Commonwealth* v. *Jenkins*, 431 Mass. 501, 504 (2000); G. L. c. 278, § 28E.

The orders of dismissal are vacated, and the matter is remanded to the District Court.

*So ordered.*

*Joelle M. Nazaire*, Assistant District Attorney, for the Commonwealth.

*Marjorie A. Heiser*, pro se.