# RESCRIPT OPINIONS.

COMMONWEALTH vs. JOSEPH CLARK. May 28, 2009. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Indictment, Dismissal.

This matter is before the court on appeal from a judgment of a single justice of this court granting the Commonwealth's petition for relief from a ruling of a Superior Court judge dismissing several indictments charging the defendant with mayhem and various forms of assault. The petition was filed and relief granted pursuant to G. L. c. 211, § 3. A decision of a single justice granting or denying relief in such circumstances is a final "judgment" from which an appeal may be taken to the full court. *McMenimen* v. *Passatempo,* 452 Mass. 178, 191 (2008).

The indictments arose from the defendant's alleged attack on two correction officers while he was incarcerated at the Massachusetts Correctional Institution at Cedar Junction. In the attack, one of the correction officers sustained significant injuries, including a punctured eye resulting in permanent blindness. That officer subsequently left the employ of the Department of Correction and moved out of State. The dismissal of the case was prompted principally by the unavailability of this witness for the date previously set for trial (February 5, 2008), and the denial of the Commonwealth's request for a continuance to secure his attendance at a later date, two months later.[1]

In denying the Commonwealth's motion for a continuance, the Superior Court judge reasoned that the case was two and one-half years old and substantially "off track"; that it had been twice scheduled for trial (although a no "no further continuances" order had been entered in the case); and that, in her view, there was no certainty that the witness would actually be available on the proposed trial date.

In dismissing the case without prejudice, the judge further reasoned that the defendant was already serving a lengthy State prison sentence and any further sentence (if convicted) would be of little significance, and that the defendant had compiled a lengthy witness list that would likely result in a long trial consuming significant judicial resources.

The single justice concluded that the judge abused her discretion in denying the Commonwealth's motion to continue the case, and erred in dismissing it.[2] He reasoned that the judge incorrectly attributed the "age" of the case to

---

[1]The Commonwealth also informed the judge that it intended to call the second correction officer involved in the attack as a witness, and that that officer was out of the country visiting with family and unavailable for the scheduled trial date as well.

[2]The single justice also concluded that the dismissal of the indictments over the Commonwealth's objection was not warranted where the judge had not held a proceeding" equivalent [to that] required by *Commonwealth* v. *Brandano,* 359 Mass. 332, 335,

the Commonwealth (the defendant having dismissed his attorney and filed 112 motions in the case, forty-one of which were outstanding); did not take into account the prosecutor's extraordinary efforts to track down the principal witness and secure his future availability[3]; and was improperly influenced by her view of the significance of the possible sentence the defendant might face and her desire to avoid the consumption of resources necessary to try the case, considerations infringing on the broad discretion afforded to prosecutors under art. 30 of the Massachusetts Declaration of Rights.

While there can be little doubt that a judge has the authority to dismiss an indictment in circumstances where the Commonwealth has repeatedly failed to produce its witnesses and effectuate a prosecution, see *Commonwealth* v. *Jenkins*, 431 Mass. 501 (2000), such decisions are subject to appellate review. The single justice could have denied the Commonwealth's petition pursuant to G. L. c. 211, § 3, on the ground that the Commonwealth had another remedy: it could have appealed as a matter of right to the Appeals Court from the dismissal of the indictments. *Id.* at 504. Additionally, because the indictments were dismissed without prejudice, the Commonwealth was not precluded from prosecuting the case on new indictments. *Id.* Because the single justice considered the petition on its substantive merits, however, we shall review his decision on the merits to determine whether he committed an abuse of discretion or other error of law.[4]

The single justice's conclusion that the judge abused her discretion in denying the Commonwealth's motion to continue the case in these circumstances (and in the absence of any showing of prejudice to the defendant) was plainly within his discretion. Insofar as the dismissal order that followed immediately thereafter was premised on the consequent inability of the Commonwealth to proceed to trial, it suffered from the same error, and there was no abuse of discretion on the part of the single justice in its vacation.

*Judgment affirmed.*

*Brad P. Bennion* (*Dana Alan Curhan* with him) for the defendant.

*Alexei Tymoczko*, Assistant District Attorney (*Matthew McDonough*, Assistant District Attorney, with him) for the Commonwealth.

---

337 (1971)." We agree with the defendant that *Commonwealth* v. *Brandano, supra,* is not applicable here, where the dismissal was without prejudice and based principally on the ground that the Commonwealth was not ready to proceed on the scheduled trial date.

[3]The single justice noted that although the judge concluded that the availability of the witness for a later trial date remained "unclear," the prosecutor represented that the witness wanted to participate in the case, and was "available for trial on any date in April, with the exception of the 10th through the 13th," and that there was no evidence before the judge contradicting these representations.

[4]The Commonwealth's petition indicated some uncertainty on its part as to how properly to obtain appellate review of the two rulings it wished to challenge, the order denying its motion to continue the trial and the order that immediately followed dismissing the indictments. The correct procedure in these circumstances, rather than filing a petition pursuant to G. L. c. 211, § 3, would have been for the Commonwealth to appeal to the Appeals Court from the order dismissing the indictments. See Mass. R. Crim. P. 15 (a) (1), as appearing in 422 Mass. 1501 (1996); G. L. c. 278, § 28E. See also *Commonwealth* v. *Moran, ante* 880, 883 n.6 (2009); *Commonwealth* v. *Ortiz*, 425 Mass. 1011, 1012 (1997); *Commonwealth* v. *Jenkins*, 431 Mass. 501, 504 (2000); *Commonwealth* v. *Wermers*, 61 Mass. App. Ct. 182, 185-186 (2004). In that appeal the Commonwealth also could have challenged the order denying its motion for a continuance.