NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

24-P-1225                                          Appeals Court

       COMMONWEALTH  vs.  JESUS R. CARABALLO-NIEVES.


                      No. 24-P-1225.

     Suffolk.    October 15, 2025. – February 13, 2026.

          Present: Henry, Hand, & Brennan, JJ.


Controlled Substances. Narcotic Drugs. Evidence, Failure to
     prosecute. Practice, Criminal, Continuance, Motion to
     suppress, Dismissal.



     Complaint received and sworn to in the Central Division of
the Boston Municipal Court Department on November 3, 2022.

     A motion to dismiss was heard by Mark H. Summerville, J.


     Kenneth E. Steinfield, Assistant District Attorney, for the
Commonwealth.
     Morjieta K. Derisier for the defendant.


     BRENNAN, J.  In this appeal, the Commonwealth challenges a

Boston Municipal Court judgment dismissing for lack of

prosecution a criminal complaint charging the defendant, Jesus

R. Caraballo-Nieves, with possession of heroin with intent to

distribute and possession of omeprazole.  At issue is whether the

judge abused his discretion by (1) refusing to permit the Commonwealth to proceed on a motion to suppress evidence without presenting the drugs, some of which contained fentanyl, as evidence, and (2) denying the Commonwealth's motion for a brief continuance after the judge ordered the prosecutor to bring the drugs into the court room.  Because we conclude that the judge overstepped, we vacate the judgment dismissing the charges and remand the case for further proceedings.

Background.  The defendant's motion to suppress was scheduled for a hearing on September 13, 2024.  At the first call of the case, the judge asked the prosecutor whether the drugs at issue were present in the court room.  When the prosecutor responded that he would check, the judge said, sua sponte, that the prosecution would "have to have the . . . drugs here."  The matter was held for a second call.

At the second call, the prosecutor raised concerns about the conflict between the judge's order to bring the drugs to the court house and the Trial Court policy banning the presence of fentanyl in court houses (policy).  "Given the danger that even a small amount of [fentanyl] poses," the policy -- issued by the Executive Office of the Trial Court on January 3, 2018 -- bans substances containing any amount of fentanyl from entry into a court house in all but a limited number of circumstances.  The policy explicitly includes substances that otherwise would be

entered in evidence at a motion or trial.  It requires a judge who determines that fentanyl must be brought into a court house as evidence to do so in advance of the hearing or trial and to notify court security.  The policy also states that fentanyl may be brought into a court house and presented as evidence only if packaged and handled by a specially trained person, in a manner approved by the United States Drug Enforcement Administration (DEA).[1]  When the prosecutor pointed to the policy's requirement

---

[1] The Trial Court safety advisory and protocols for fentanyl and carfentanil is available online at https://www.mass.gov/advisory/trial-court-safety-advisory-and-protocols-for-fentanyl-and-carfentanil [https://perma.cc/86SL-F2K2].  In relevant part, the policy states:

> "Fentanyl and carfentanil are extremely potent and toxic synthetic opioids that are being used as adulterants in heroin and other controlled substances or passed off as pure heroin. . . .  Given the danger that even a small amount of these substances poses, . . . [s]ubstances containing any amount of fentanyl or carfentanil are banned from entry into the courthouse, except as provided [herein].  This includes substances that have been collected as evidence and which would otherwise be entered in evidence at a hearing or trial.  Parties who seek to present the appearance of a substance containing fentanyl or carfentanil to a fact finder must do so through means other than introduction of the actual substance, such as a stipulation, photographs, video, or witness testimony. . . .  Deviation from the general ban . . . may occur when a judge determines that admission of the substance as evidence is necessary for the Commonwealth to prove its case or to protect a defendant's constitutional right to a fair trial.  If a judge determines it necessary that a party be permitted to bring such substances into a courtroom, the substances shall be packaged and handled in the manner approved by the Drug Enforcement Administration (DEA); shall be handled while in the courthouse -- including presentation of the substances in a courtroom --

that fentanyl be brought into court only if packaged and handled in a manner approved by the DEA, the judge said, "If you don't bring it in . . . I am dismissing the case."  The prosecutor responded that the Commonwealth had not been put on notice of the need to bring the drugs into the court house for the hearing and, based on conversations with the police officers who had come to testify for the hearing, he was unable at that time to comply with the policy's fentanyl packaging and handling requirements.  The judge replied, incorrectly, that there was an order in the case from a prior date for the Commonwealth to have the physical evidence at the suppression hearing.  The record is clear, and the parties agree, that no order to bring the drugs to court was issued until the September 13 first call of the case.

---

only by individuals who have been trained to handle fentanyl and carfentanil . . . .  Determination that fentanyl, carfentanil, or its derivatives will be permitted to enter a courthouse shall be made in advance of the hearing or trial at which the substance will be presented. Court security shall be notified in advance of the date on which the substance will be entering the courthouse, the name of the case for which it is being brought into the courthouse, how the substance will be transported and who will be transporting it [into] the courtroom in which the substance will be presented, and when the substance[] has been taken out of the building."

After some discussion with the prosecutor about the packaging of the drugs,[2] the judge stated, "I want [the fentanyl] in. I need to see it." The prosecutor stated that the Commonwealth was ready to proceed without the drugs, reiterated that he could not bring the drugs that day, and requested, in the alternative, a further date to permit the Commonwealth to take photographs of the fentanyl or to arrange for a person qualified to handle the fentanyl to be present in court during the suppression hearing. The judge declared that the prosecutor "should have known that this Court requires the evidence to be brought into court on motions to suppress evidence." He stated that the prosecutor's "refusing to bring the alleged drugs in" was "unacceptable" because the prosecutor had "given [the judge] no valid reason not to bring these alleged drugs in for purposes of a critical stage of the prosecution." The judge further excoriated the prosecutor for "delay[ing] this all morning . . . [after] I gave your office time to have [the officers] go get these alleged drugs to bring it in for this critical stage of the prosecution."[3]

---

[2] The judge suggested that the fentanyl could "stay in the box" so it "won't be touched by anyone in this courtroom."

[3] The case was first called at 9:08 A.M. and the final call of the case took place at 11:26 A.M.

The judge then asked to hear from the defendant's counsel, who moved to dismiss the case. The prosecutor maintained that the Commonwealth was ready to go forward on the motion and proffered a drug certificate showing the substance was fentanyl. The judge rejected the proffer, and after again noting that the motion hearing was a "critical stage of the prosecution," reiterated that he would not hear a motion to suppress without the drugs being brought into court. He also denied the Commonwealth's renewed requests to take photographs of the fentanyl or for "a brief further date" to secure the presence of a person approved to handle fentanyl, as required by the policy. After further discussion with the prosecutor, the judge stated that the Commonwealth was required to have the drugs present at the hearing because it "is necessary for me to listen to the testimony and compare the items to the testimony that I've heard. Also, it goes to credibility. It goes to many things that a fact-finder has to . . . determine. I don't do motions to suppress without the evidence." When the judge once again denied the Commonwealth's request for a "short date" to bring in a witness who could handle the fentanyl in the manner required by the policy, the prosecutor stated, "[t]he Commonwealth is answering ready for a motion to suppress without the evidence." The judge admonished the prosecutor, "No, you're not. You're not ready without the alleged drugs. . . . You should never,

ever, ever go forward with a motion to suppress evidence without the evidence. That's the way it's done." He then dismissed the case "for want of prosecution."

Discussion. Trial judges have inherent authority to dismiss criminal charges "[i]f the Commonwealth fails to prosecute [its] case." Commonwealth v. Rosa, 491 Mass. 369, 373 (2023), citing Commonwealth v. Graham, 480 Mass. 516, 536 (2018). When a judge dismisses a case for failure to prosecute, the dismissal ordinarily is without prejudice, thus allowing the prosecutor to refile the charges and to proceed with the prosecution. See Graham, supra at 537. Because a dismissal without prejudice does not preclude further prosecution of a defendant, it is "upheld in the absence of an abuse of discretion." Id. at 536, quoting Commonwealth v. Connelly, 418 Mass. 37, 38 (1994). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). Graham, supra.

Here, the judge dismissed the case for lack of prosecution because the Commonwealth "refused a court order to bring the alleged drugs in" for the motion to suppress hearing. This finding did not accurately reflect what occurred, and the judge

abused his discretion both by deeming the Commonwealth's conduct a failure to prosecute and by refusing the prosecutor's request for a continuance of the hearing.

1.  Commonwealth's "failure to prosecute."  The Commonwealth argues that it was error for the judge to base dismissal on a "lack of prosecution" where the prosecutor was willing and able to move the case forward with reasonable dispatch.  We agree.

The judge's finding that the Commonwealth's failure to bring in physical evidence constituted lack of prosecution rested on misapprehensions of the Commonwealth's burden and of the judge's role.  At a suppression hearing, the Commonwealth bears the burden of showing "that the actions of the police officers were within constitutional limits."[4]  Commonwealth v. Meneus, 476 Mass. 231, 234 (2017).  The defendant cites no authority, nor are we aware of any, to support the judge's position that the law requires the physical items the defendant seeks to suppress be present in court for a suppression hearing.[5]

---

[4] The motion to suppress in this case arose from police observation of an alleged hand-to-hand drug deal in an alley off Boylston Street in Boston, in which the defendant purportedly exchanged "an unknown item" for money; and their subsequent warrantless seizure of drugs from the defendant's person and bag.

[5] The judge also misapprehended the significance of a suppression hearing as a "critical stage" in the proceedings. Classification of a portion of a criminal proceeding as

Indeed, where it is well established, in the trial of a case involving a drug offense, that proof a substance is a particular drug "may be made by circumstantial evidence," Commonwealth v. MacDonald, 459 Mass. 148, 153 (2011), it follows that no more stringent requirements would apply to a motion to suppress evidence of alleged drugs.  See Commonwealth v. Hallinan, 491 Mass. 730, 749 (2023) (convictions of possession or distribution of drugs may be proved by drug certification or by testimony and observation of experienced user of drug); MacDonald, supra (circumstantial evidence such as testimony of experienced police officer sufficient to prove substance was particular drug).  Put simply, although the law sets out the requisite quantum of proof, it does not mandate the type of evidence the Commonwealth must produce to meet its burden in a motion to suppress.

Nor was it within the judge's discretion to impose his own practice, procedure, or personal preference on the type of evidence presented by the Commonwealth.  Although viewing the physical evidence may have informed the judge's assessment of

---

"critical" denotes an event at which the defendant has a right to be present and assisted by effective counsel; it has nothing to do with the type of evidence that must be produced by the Commonwealth.  See Vazquez Diaz v. Commonwealth, 487 Mass. 336, 340-341 (2021) (suppression hearing constitutes critical stage at which defendant has right to be present); Commonwealth v. Neary-French, 475 Mass. 167, 170 (2016) (Sixth Amendment to United States Constitution and art. 12 of Massachusetts Declaration of Rights provide criminal defendants right to counsel at all critical stages of prosecution).

witness credibility or weighing of the evidence, it was incumbent on the judge to take the admissible evidence presented during the hearing and render a decision based on that evidence. See Commonwealth v. Tremblay, 480 Mass. 645, 658 (2018).  A party's failure to present evidence that a judge deems relevant or significant certainly may have an impact on a judge's decision; however, partiality for a particular type of evidence does not entitle a judge to refuse to hear a motion or to predetermine its outcome if the evidence is not presented in the "preferred" form.  Here, where the Commonwealth stated that it was ready to move forward on the motion to suppress, the judge abused his discretion by refusing to proceed with the hearing without the physical evidence seized from the defendant.  It was error for the judge, before hearing any evidence, to tell the prosecutor that failure to bring the fentanyl to court would result in dismissal.  See Commonwealth v. Gordon, 410 Mass. 498, 501 (1991), S.C., 422 Mass. 816 (1996) (judge's preemption of Commonwealth's presentation of its case usurped decision-making authority constitutionally allocated to executive branch).  The judge thus abused his discretion by dismissing the complaint for lack of prosecution based on the prosecutor's decision to proceed without bringing the fentanyl into court.  See Commonwealth v. Kardas, 93 Mass. App. Ct. 620, 624-625 (2018)

(judge's dismissal of criminal complaint without valid legal basis exceeded constitutional authority).

2. Commonwealth's request for a continuance. The prosecutor, who had no notice before the hearing date of the motion to suppress that the drugs would be required for the hearing, asked for a "short" continuance to enable him to bring the drugs into the court house in the manner required by the policy.[6] The judge denied that request. Typically, "[t]he decision whether to grant a motion to continue lies within the sound discretion of the trial judge." Commonwealth v. Super, 431 Mass. 492, 496 (2000), quoting Commonwealth v. Painten, 429 Mass. 536, 543 (1999). However, the judge's discretionary authority is "bounded by important considerations." Commonwealth v. Clegg, 61 Mass. App. Ct. 197, 200 (2004). Among those considerations, the "trial judge should balance the movant's need for additional time against the possible inconvenience, increased costs, and prejudice which may be incurred by the opposing party if the motion is granted."

---

[6] Although the policy is directed to "Trial Court staff and judicial officers," we discern no reasoned basis why it would not apply to the prosecutor in the circumstances here. To the extent that it did, the judge's order presented the prosecutor with the untenable choice of bringing fentanyl into the court house under circumstances that clearly violated the policy and posed significant health risks to the parties, court personnel, and the public; or declining to do so and thereby having the case dismissed.

Super, supra at 496-497, quoting Commonwealth v. Gilchrest, 364 Mass. 272, 276 (1973). The judge may also consider "whether there has been a failure . . . to use due diligence to obtain available witnesses." Mass. R. Crim. P. 10 (a) (2) (C), 378 Mass. 861 (1979).

Here, the docket shows diligent efforts by the Commonwealth to prosecute the case.[7] See Commonwealth v. Clark, 454 Mass. 1001, 1002 (2009) (judge incorrectly attributed age of case to Commonwealth and did not account for prosecutor's efforts to find and secure principal witness). The Commonwealth also secured the necessary witnesses for the suppression hearing and had them in court ready to testify. See Commonwealth v. Burston, 77 Mass. App. Ct. 411, 417 (2010) (denying continuance based on unavailable witnesses was improper where Commonwealth exercised due diligence to obtain witnesses). Given that the prosecutor did not have advance notice that the fentanyl would be required for the hearing, the request for additional time to arrange for a qualified person to bring the drugs to court was reasonable. The defendant did not assert at the time of the hearing that a brief delay would cause him increased cost, inconvenience, or prejudice; nor does he make that argument on

---

[7] Any delays in the case appear to have been attributable to the defendant's failures to appear for court dates, change in attorneys, and late filing of his motion to suppress.

appeal.  Nevertheless, the judge denied the Commonwealth's request and dismissed the case without balancing any of the applicable factors, for the sole reason that the Commonwealth "refused a court order to bring the alleged drugs in."  We conclude that this denial of the prosecutor's motion to continue fell outside the reasonable range of alternatives and thus was an abuse of the judge's discretion.  See Graham, 480 Mass. at 539 (abuse of discretion for judge to dismiss indictments for failure to prosecute without fully considering relevant factors); Commonwealth v. Pimentel, 99 Mass. App. Ct. 597, 599-601 (2021) (when considering motion for continuance, judge should balance movant's need for additional time against possible inconvenience, increased costs, and prejudice to opposing party).  Cf. Commonwealth v. J.F., 491 Mass. 824, 844 (2023) (failure of judge to state relevant factors and weight given to them was abuse of discretion).

Conclusion.  The judgment dismissing the charges is vacated, and the case is remanded to the Boston Municipal Court for further proceedings consistent with this opinion.

So ordered.