COMMONWEALTH *vs.* CHRISTOPHER J. ANDERSON.

Norfolk. April 6, 1988. — June 13, 1988.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal*, Dismissal, Conduct of prosecutor, Appeal by Common-
wealth, Attorney's fees.

The Commonwealth had the right under G. L. c. 278, § 28E, to appeal from
the action of a District Court judge, on the motion of a defendant,
dismissing without prejudice four criminal complaints. [577-578]

In a criminal case being tried in the jury session of a District Court, the Com-
monwealth proceeded properly by filing a notice of appeal within thirty
days of the District Court judge's order dismissing the complaints without
prejudice, and the Commonwealth was not required to take further steps
to perfect its appeal until after the District Court judge had ruled on its
motion to vacate the dismissals. [578-579]

The judge in the jury session of a District Court acted within his discretion
in dismissing without prejudice four criminal complaints, where the
judge was warranted in finding that the prosecutor's tardiness and lack
of preparation had resulted in unnecessary inconvenience to the jurors,
the witnesses, and the defendant, and where the Commonwealth dem-
onstrated no undue prejudice from the judge's decision. [579]

A defendant who prevailed on the Commonwealth's appeal pursuant to
G. L. c. 278, § 28E, from the order of a District Court judge dismissing
without prejudice the criminal complaints against him, had no basis to
recover attorney's fees under Mass. R. Crim. P. 15 (d), 378 Mass. 882
(1979). [579-580]

COMPLAINTS received and sworn to in the Wrentham Divi-
sion of the District Court Department on November 26, 1984.

On appeal to the jury session of the Dedham Division, a
motion to dismiss was heard by *Darrell L. Outlaw*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Charles J. Hely*, Assistant District Attorney, for the Com-
monwealth.

*Joan A. Lukey (Michael Kendall* with her) for the defendant.

HENNESSEY, C.J. The defendant was charged in four crim-
inal complaints. One charged him with being a disorderly per-
son, G. L. c. 272, § 53 (1986 ed.), and each of the other three
charged him with assault and battery on a police officer in the
performance of his duty, G. L. c. 265, § 13D (1986 ed.). The
defendant was convicted on all complaints following a bench
trial.

The defendant exercised his right to trial de novo in a District
Court jury of six session. On the second day of trial the judge,
upon the defendant's motion, dismissed the complaints without
prejudice. His reasons for dismissing the complaints were the
prosecutor's tardiness and lack of readiness to proceed on the
first day of trial, the prosecutor's repeated tardiness on the
second day of trial, and the unfairness to the jurors, the witnes-
ses, and the defendant inherent in the prosecutor's undue de-
lays.[1] At the close of the first day of trial, the judge had
specifically instructed the prosecutor to arrive punctually at
9 A.M. on the second day of trial. This instruction was not
observed.

The Commonwealth filed a notice of appeal of the dismissals
in the District Court, and then filed a motion to vacate the
dismissals. The motion to vacate was denied, and the Common-
wealth filed its appeal of the dismissals in the Appeals Court.
The Appeals Court ordered that the complaints be reinstated
and that the case be remanded to the District Court for a trial
before a new jury. *Commonwealth* v. *Anderson*, 24 Mass.
App. Ct. 959, 959-960 (1987). We allowed the defendant's
application for further appellate review. We conclude that the
District Court judge did not abuse his discretion in dismissing
the complaints without prejudice.

The defendant initially contends that the Commonwealth has
no right of appeal from the District Court judge's dismissal of
the complaints, or, in the alternative, that the Commonwealth
failed to perfect whatever appellate rights it had. We disagree.

---

[1] The judge stated his reasons for dismissing the complaints during a
hearing on the Commonwealth's subsequent motion to vacate the dismissals.

Under G. L. c. 278, § 28E (1986 ed.),[2] the Commonwealth has a right to appeal from the District Court judge's dismissal of the complaints. See *Commonwealth* v. *Brusgulis*, 398 Mass. 325, 326 n.1 (1986), and cases cited.[3] The first clause of the first paragraph of § 28E explicitly allows the Commonwealth's appeal. There is no merit to the defendant's argument that the Commonwealth is somehow denied that right, even if he is correct in his assertion that the District Court judge relied on inherent supervisory power and not on a particular rule of criminal procedure in dismissing the complaints.[4]

The Commonwealth properly perfected its appeal by filing a notice of appeal in the District Court within thirty days of the dismissals. See Mass. R. A. P. 3 (a), as amended, 378 Mass. 924 (1979); Mass. R. A. P. 4 (b), as appearing in 378 Mass. 924 (1979). The Commonwealth's failure to take further steps to perfect its appeal until after the District Court judge ruled on the motion to vacate the dismissals does not prevent the appeal. See Mass. R. A. P. 3 (a). In fact, had the Commonwealth filed its appeal with the Appeals Court prior to the

---

[2] General Laws c. 278, § 28E, provides, in pertinent part: "An appeal may be taken by and on behalf of the commonwealth by the attorney general or a district attorney from the district court to the appeals court in all criminal cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint, or (2) allowing a motion to suppress evidence.

"An appeal may be taken by and on behalf of the commonwealth by the attorney general or a district attorney from the superior court to the supreme judicial court in all criminal cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint, or (2) allowing a motion for appropriate relief under the Massachusetts Rules of Criminal Procedure."

[3] The Commonwealth did not state in its notice of appeal the vehicle for its appeal. During the hearing on the motion to vacate the dismissals, the Commonwealth indicated that the appeal would be pursuant to Mass. R. Crim. P. 15 (b), as amended, 397 Mass. 1225 (1986). However, as the defendant notes, rule 15 is inapplicable because the Commonwealth is not taking an interlocutory appeal of a pretrial motion. The Commonwealth's failure to identify G. L. c. 278, § 28E, as the vehicle of its appeal, while not laudable, does not prohibit the appeal.

[4] In developing this argument the defendant relies on *Commonwealth* v *Therrien*, 383 Mass. 529 (1981), which construed the second paragraph of c. 278, § 28E. See note 2, *supra*. That language is inapplicable here.

District Court judge's ruling on the motion to vacate, the District Court judge would have been without jurisdiction to make that ruling. *Commonwealth* v. *Cronk*, 396 Mass. 194, 196-197 (1985).

We now turn to the merits. The Commonwealth argues that the judge should not have dismissed the complaints absent a showing of egregious misconduct by the prosecutor or a showing that the defendant is now unable to receive a fair trial. See, e.g., *Commonwealth* v. *Cronk*, *supra* at 196-198; *Commonwealth* v. *Cinelli*, 389 Mass. 197, 210, cert. denied, 464 U.S. 860 (1983); *Commonwealth* v. *Light*, 394 Mass. 112, 114 (1985). However, the cases relied on by the Commonwealth involve dismissals with prejudice. Where, as here, the dismissals are without prejudice, the judge's action should be upheld in the absence of an abuse of discretion. See *Commonwealth* v. *Salman*, 387 Mass. 160, 168 (1982); *Commonwealth* v. *Pomerleau*, 13 Mass. App. Ct. 530, 536 (1982).

The District Court judge acted within his discretion in dismissing the complaints without prejudice. The judge was warranted in finding, as he did, that the prosecutor's unpreparedness and tardiness resulted in unnecessary inconvenience to the jurors and to the defendant. Continued unnecessary delay may well have increased the restlessness, apparent from the record, among the jurors and the defense witnesses, to the detriment of the defendant. In the circumstances, the judge, in exercise of his discretion, would have been warranted in declaring a mistrial on motion of the defendant, and requiring the Commonwealth to retry the case. See *Commonwealth* v. *Simmonds*, 386 Mass. 234, 241 (1982), citing *Commonwealth* v. *Hoffer*, 375 Mass. 369, 372-373 (1978). The Commonwealth has demonstrated no undue prejudice from the judge's decision to require instead that it seek fresh complaints and begin the process of prosecuting the defendant anew.[5] Absent such demonstration of prejudice we discern no abuse.

The defendant also seeks recovery of attorney's fees for this appeal pursuant to Mass. R. Crim. P. 15 (d), 378 Mass. 882

---

[5] Whether the principle of double jeopardy would bar subsequent prosecution is not properly before us.

(1979). However, it strains logic to conclude that the authorization of attorney's fees contained in rule 15 (d) extends to appeals not taken pursuant to rule 15. This appeal could not have been taken under rule 15. See note 3, *supra.* The appeal is before us pursuant to G. L. c. 278, § 28E, which does not authorize the award of attorney's fees. In the absence of such authorization, the parties must bear their own cost of litigation. See, e.g., *Fuss* v. *Fuss (No. 1)*, 372 Mass. 64, 70 (1977); *Bournewood Hosp., Inc.* v. *Massachusetts Comm'n Against Discrimination*, 371 Mass. 303, 311-312 (1976). The defendant has no basis for recovery of attorney's fees.

The District Court judge's dismissal of the complaints without prejudice is affirmed.

*So ordered.*