COMMONWEALTH vs. ANTHONY E. JOSEPH.

No. 87-1166.

Plymouth. December 16, 1988. — June 29, 1989.

Present: PERRETTA, SMITH, & WARNER, JJ.

*Practice, Criminal,* Dismissal, Continuance, Judicial discretion.

A District Court judge acted within his discretion in dismissing a criminal
complaint without prejudice where the prosecution's police witnesses,
whom it had failed to summon, were not present for trial; where the
prosecution's inability to provide defense counsel with a police report
had required three continuances of the pretrial conference; and where
the prosecution made no claim or showing of prejudice from the judge's
action. [518-520]

COMPLAINT received and sworn to in the Wareham Division
of the District Court Department on November 12, 1986.

A motion to dismiss was heard by *John H. O'Neil,* J.

*Linda M. Fleming,* Assistant District Attorney, for the Com-
monwealth.

*Christopher J. Snow* for the defendant.

PERRETTA, J. When the Commonwealth's witnesses, two
State troopers, failed to appear for trial, the defendant moved
to dismiss the complaint against him. The motion was allowed,
and the District Court judge dismissed the complaint for lack
of prosecution. Concluding that the dismissal was without prej-
udice and that the judge did not abuse his discretion, we affirm
the order.

I. *Background.*

We relate the facts as they appear from the docket entries,
the transcript, and the Commonwealth's proposed findings of
fact submitted in support of its motion to vacate the dismissal.[1]

---

[1] It does not appear that the judge acted on the motion which was dated
October 8, 1987. The Commonwealth, however, had filed its notice of appeal

The defendant was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor, see G. L. c. 90, § 24, on November 10, 1986. He was arraigned two days later, at which time a pretrial conference was scheduled for December 22, 1986. That conference was rescheduled, at the defendant's request, for January 26, 1987.

Because the police report was not available, the matter was continued from January 26, to February 9, and again to February 23. On that last date, the case was scheduled for trial on May 29, 1987, with the understanding that the police report would be mailed to defense counsel. Defense counsel, whose office is in Provincetown, appeared in the Wareham District Court on each of these three scheduled conference dates, each time expecting to be furnished with the police report. In the interim, the defendant did not have his license. See G. L. c. 90, § 24N. The prosecutor mailed a copy of the police report to defense counsel on February 23.

In preparing for trial on May 28, the prosecutor realized that his witnesses had not been summonsed. He immediately called defense counsel and advised him of that fact. Next, the prosecutor called and spoke with the arresting officer, Trooper Steven Vrona. Vrona told the prosecutor that he would be present for the trial and that he would inform Trooper Rivera, the breathalyzer operator, of the trial date. Again calling defense counsel, the prosecutor represented that the "Commonwealth expected to be ready for trial on May 29, 1987."

About noon the next day, after the initial call of the trial list, the defendant's case was reached. The transcript indicates that, when the case was called, defense counsel indicated to the judge that he had been "trying to ascertain" whether the Commonwealth's witnesses were present. The prosecutor replied that he did not see them.

At this point, defense counsel expressed his exasperation ("My patience . . . is just about exhausted"), related how he

from the dismissal June 1, 1987. The appeal was entered in this court on October 14, 1987. There is nothing in the record before us which indicates if or when the motion to vacate was filed and presented to the judge. See *Commonwealth* v. *Cronk,* 396 Mass. 194, 196-197 (1985).

had driven numerous times from Provincetown to Wareham for the police report, and moved to dismiss the case on the following basis: "We are here for trial, prepared for trial and we don't know where the Commonwealth stands." The prosecutor countered that, although his witnesses were not present, this was the first time the case had been called for trial. Moreover, it was a "very young" case. The judge noted that the case had been on the docket as of November, 1986, and that there had been four continuances concerning the pretrial conference. This last observation prompted defense counsel to emphasize that point: "No police report, your Honor, no police report, no police report." Reaffirming that the reason the Commonwealth was not ready for trial that day was because the State troopers were not present, the judge dismissed the complaint. The docket entry reads, "dism. L of P," which we interpret to mean "dismissed for lack of prosecution."

II. *Discussion.*

Neither the Commonwealth nor the defendant directly addresses the question whether the dismissal was without prejudice. By arguing that the complaint should not have been dismissed "absent a showing of egregious misconduct by the prosecutor or a showing that the defendant is now unable to receive a fair trial," *Commonwealth* v. *Anderson*, 402 Mass. 576, 579 (1988), the Commonwealth apparently presumes that the dismissal was with prejudice. The defendant, on the other hand, argues that we should view the judge's order as analogous to a denial of a motion for continuance. See Mass.R.Crim.P. 10, 378 Mass. 861-862 (1979).

We do not think that the judge intended the dismissal to be with prejudice. The motion was neither requested nor allowed on speedy trial grounds under Mass.R.Crim.P. 36(c), 378 Mass. 912 (1979). See *Commonwealth* v. *Balliro*, 385 Mass. 618, 623 (1982); *Commonwealth* v. *Pomerleau*, 13 Mass. App. Ct. 530, 537 (1982). Moreover, the record provides clear demonstration that the judge allowed the motion on the ground

urged by defense counsel — that the Commonwealth was not prepared to go forward.[2]

. As the dismissal must be deemed as having been without prejudice, the sole issue before us is the same as if the judge had denied a Commonwealth's request for a continuance, that is, whether the judge abused his discretion. See *Commonwealth* v. *Anderson*, 402 Mass. at 579. In taking the cavalier attitude that the complaint, outstanding for six months, was "young" and that this was the first time that it had been scheduled for trial, the prosecutor overlooked the more pertinent facts. The case had been continued three times before because of the Commonwealth's inexplicable inability to provide defense counsel with a crucial discovery document, the police report. Also, as the record indicates, the case was not reached for trial until noon. It does not appear that the prosecutor used that time to make any inquiry concerning the officers' absence or their whereabouts. However, as represented to the judge, defense counsel had been attempting to ascertain whether the officers were present and the Commonwealth ready for trial, all to no avail. Had the prosecutor not neglected to summons the witnesses, he might have been on firmer ground. Compare *Commonwealth* v. *Jackson*, *post* 521, 523 (1989).

Further, because the prosecutor had no knowledge of the officers' future schedules and availability, he was in no position to give the judge any assurance that a new date would not require even further rescheduling. Meanwhile, defense counsel, as he repeatedly stressed, already had made numerous and unproductive court appearances.

In these circumstances, and in view of the fact that the Commonwealth has made no claim or showing that it will suffer undue prejudice if required to seek new complaints and recommence the prosecution of the defendant, we cannot say that the judge abused his discretion. See *Commonwealth* v.

---

[2] The Commonwealth's reliance upon *Commonwealth* v. *O'Leary*, 17 Mass. App. Ct. 979, 980 (1984), is not dispositive. Although an order of dismissal was there reversed on facts similar to those presented in the instant case, it does not appear that the dismissal was without prejudice.

*Anderson*, 402 Mass. at 579. Cf. *Commonwealth* v. *Bryer*, 398 Mass. 9, 14-15 (1986).

The District Court judge's dismissal of the complaint without prejudice is affirmed.

*So ordered.*