COMMONWEALTH vs. ROBERT A. JACKSON.

No. 87-1187.

Plymouth. December 16, 1988. — June 29, 1989.

Present: PERRETTA, SMITH, & WARNER, JJ.

*Practice, Criminal,* Dismissal.

Prior to the start of a District Court bench trial of a defendant charged with various motor vehicle offenses, the judge was not warranted in dismissing the complaints on his own initiative, either with or without prejudice, in response to the prosecutor's statement that she would need a continuance because the arresting officer was on active duty with the National Guard, where there was no showing of misconduct by the Commonwealth or prejudice to the defenadnt. [523]

COMPLAINTS received and sworn to in the Wareham Division of the District Court Department on November 21, 1986.

After transfer to the jury session of that court, the cases were dismissed by *Paul E. Ryan,* J.

*Linda M. Fleming,* Assistant District Attorney, for the Commonwealth.

*James R. McMahon, Jr.,* for the defendant.

PERRETTA, J. At the second call of the trial list, the defendant answered that he was prepared to go forward on complaints charging him with operating a motor vehicle while under the influence of intoxicating liquor, speeding, failing to stay within marked lanes, and driving so as to endanger the safety of the public. The prosecutor responded that she would need a continuance as the arresting officer was on active duty with the National Guard. The judge dismissed the complaints on his own motion without indicating whether the dismissals were with prejudice. As there was no showing of misconduct by the Commonwealth or prejudice to the defendant, it was error to dismiss the complaints with or without prejudice. We reverse.

## I. *The Facts.*

We relate the facts as they appear from the docket entries and transcript. The complaints were brought on November 21, 1986. The defendant was arraigned that same day. He waived his right to a jury trial in the first instance and agreed to a pretrial conference date of January 5, 1987. That date was thereafter twice rescheduled (January 13 and January 29) by agreement. On January 29, the case was assigned for trial on April 28.

On February 11, however, the defendant withdrew his jury trial waiver. The complaints were then entered on the docket for a first instance jury trial, see G. L. c. 218, §§ 26A and 27A, and a pretrial conference was scheduled for March 11. On that date, the parties announced that discovery had been completed. Trial was set for May 22. On April 30, the prosecutor had a summons issue to the arresting officer at the Middleborough police department.

At the first call of the list on May 22, the defendant answered that he was ready for trial and the prosecutor replied that she "expects to be ready." At the second call, however, after the defendant again answered that he was ready, the prosecutor advised the judge: "[T]he Commonwealth is informed that the arresting officer is in the National Guard and this is the first time the case has been in for trial. Based upon that, Your Honor, the Commonwealth will be requesting a continuance." Without inquiry of the prosecutor or a response from defense counsel, the judge ordered the complaints dismissed.

It appears from the docket entries that, after the Commonwealth filed its notice of appeal, both the Commonwealth and the defendant filed proposed findings of fact. The judge then gave written reasons for his order. After noting that the case had been scheduled for trial for two months, that the defendant and his witnesses (apparently five) were present, and that a person called to active duty with the National Guard knows "well in advance" the date of such duty, the judge found and concluded that the arresting officer's failure to notify anyone of his inability to appear was "negligent and prejudicial to the defendant."

II. *Discussion.*

There is nothing in the record before us which shows that dismissal of the complaints, with or without prejudice, was warranted. See *Commonwealth* v. *Cronk*, 396 Mass. 194, 198-199 (1985); *Commonwealth* v. *Anderson*, 402 Mass. 576, 579 (1988). Even assuming that the arresting officer had been negligent, his conduct cannot be regarded as "so egregious as to require dismissal of the complaint[s]." *Commonwealth* v. *Light*, 394 Mass. 112, 115 (1985).

Moreover, we do not see any support in the record before us for the judge's finding that the officer was negligent in failing to notify anyone of his National Guard duty. There is no indication whether the officer had been informed of the trial date prior to the issuance of the summons, whether the summons was served before or after he left for active duty, or whether he had arranged or reasonably expected that another officer within the police department would timely explain his inability to appear on the scheduled trial date. Because the prosecutor had summonsed the officer, the judge had the power to ascertain this information and guarantee the officer's presence at trial upon his return from the National Guard. See Mass.R.Crim.P. 17(e), 378 Mass. 887 (1979). Cf. Mass.R. Civ.P. 45(e), 365 Mass. 811 (1974).

Additionally, although the judge found that the officer's conduct was prejudicial to the defendant, the only fact on this record to lend support to that finding is that the defendant's five witnesses were present. We do not minimize the inconvenience caused by the turn of events, but we do not view that fact, standing alone, as sufficient to constitute prejudice justifying dismissal of the complaints. Compare *Commonwealth* v. *Anderson*, 402 Mass. at 579; *Commonwealth* v. *Joseph*, *ante* 516, 519, 520 (1989). Cf. *Commonwealth* v. *Ambers*, 4 Mass. App. Ct. 647, 651-654 (1976); Smith, Criminal Practice & Procedure § 1125 (2d ed. 1983).

The order dismissing the complaints is vacated, and the cases are remanded to the District Court to stand for trial.

*So ordered.*