NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-1828                                    Appeals Court

COMMONWEALTH  vs.  LAURA BUTLER.

No. 13-P-1828.

Suffolk.     November 10, 2014. - March 19, 2015.

Present: Kantrowitz, Graham, & Katzmann, JJ.[1]


Practice, Criminal, Dismissal, Discovery, Disclosure of
     evidence. Evidence, Certificate of drug analysis,
     Disclosure of evidence. Controlled Substances.



     Complaint received and sworn to in the Central Division of
the Boston Municipal Court Department on November 15, 2012.

     Entry of judgment dismissing the complaint was ordered by
Raymond G. Dougan, Jr., J.


     Ryan A. Pavao (Donna Jalbert Patalano, Assistant District
Attorney, with him) for the Commonwealth.
     Kathleen M. Kelly for the defendant.


     KATZMANN, J.  This case is before us on an appeal by the

Commonwealth from an order by a Boston Municipal Court judge sua

sponte dismissing the drug distribution complaint without

_____

     [1] Justice Graham participated in the deliberation on this
case prior to his retirement.

prejudice against the defendant, Laura Butler, on all counts and over the objection of the Commonwealth where the Commonwealth had not provided a certificate of drug analysis of the defendant's prescription medication because no certificate had yet been created.  We vacate the order of dismissal.

Facts.  On November 14, 2012, in the course of a police investigation of drug activity in the area of Haymarket and Government Center in Boston, the defendant was arrested after two police officers observed her providing nineteen prescription pills in exchange for twenty dollars; a prescription bottle obtained from the defendant's purse had the defendant's name on it and contained nine white oval tablets with the letters "G 13" imprinted on them.  On November 15, 2012, the Boston Municipal Court issued a criminal complaint against the defendant alleging two counts of distributing a class E controlled substance (gabapentin), and two counts of distributing a controlled substance near a school or park.  The matter was originally scheduled for pretrial hearing on January 24, 2013, continued for pretrial hearing to April 12, 2013, and continued a second time for pretrial hearing to July 17, 2013.  The reasons for the continuances do not appear on the record.

The entirety of the July 17, 2013, pretrial hearing progressed as follows:

The clerk:  "Matter of Laura Butler."

The court:  "What are you requesting today, [defense counsel]?"

Defense counsel:  "Judge, I used the time to reach out to the D.A.'s office and they indicated they're going to have to speak to [one of the other prosecutors], but if you look at the booking photo of [the defendant] and her appearance today, she is in, you know, much better shape.  She's been involved in a program called the CSAC Community Substance Abuse up in Chelsea, Mass.  She's been volunteering at the M.S. -- Prevention of Cruelty to Animals group.  She's also involved with a therapist and a hands-on physician that she's been dealing with.  She has, as you can see, not re-offended.  She only goes to the Haymarket area now in order to -- if she needs a bus.  But obviously right now this was prescription drugs that she had at that time, and the allegation is that she distributed them to an undercover police officer.  Given what she's doing now and everything else, I've basically been trying to reach out to the D.A.'s office to see what we can do about getting rid of the school-zone charges, given that she, as I said, used the last eight and a half months to address this problem."

The court:  "And --"

Defense counsel:  "And I don't -- I haven't gotten the certs [certificates of drug analysis] yet either, but I -- I mean, as they were prescription drugs, I'm not as concerned."

The court:  "Do you have any information about the substances and the laboratory?"

The prosecutor:  "Yes, Your Honor.  I can advise the court that as of today, the drugs have not yet been tested.  They are at the Sudbury lab awaiting testing."

The court:  "[C]an you provide me with any more information about the status of the substances at the lab?"

The prosecutor:  "I'm afraid I cannot, Your Honor.  I can ascertain as to a timetable by which they'll be tested; what I can inform the court is that given the offense date, they would not have passed through the lab at Jamaica Plain.  That would have been closed by that time.  So it's the Commonwealth's belief that these drugs went directly to Sudbury and are awaiting testing at this time."

The court: "What are you requesting, [defense counsel]?"

Defense counsel: "Well, Judge, you know, if the school zone charges were eradicated, in terms of a plea bargain, I'd be happy to dispose of the case in, I think, satisfactory terms for all parties, given the fact that she's used these last eight and a half months, you know, in a very progressive way in terms of her own personal situation. So if they need the certs to weigh the pros and cons of what I'm asking, then that's fine, but as I say, I'm very impressed with what she's been doing."

The court: "Well, they're not ready."

Defense counsel: "I know."

The court: "Dismissed for failure to provide discovery, without prejudice, over the objection of the Commonwealth."

The defendant: "Thank you."

Defense counsel: "Thank you, Your Honor."

The defendant: "Thank you."

The court officer: "Ma'am, wait for the clerk to read off the decision. Ma'am. Ma'am."

The clerk: "Laura Butler, as to Docket 12CR5579, ma'am, this matter stands dismissed. That dismissal is without prejudice. The dismissal is also over the objection of the Commonwealth, and it's for lack of discovery."

The defendant: "Thank you, Your Honor."

The court: "So, [defense counsel] --"

Defense counsel: "Yes, Judge."

The court: "-- make sure that your client understands that the Commonwealth can bring this case again and --"

Defense counsel: "She knows that."

The court:  "-- and she should make sure that the -- or that you or the Commonwealth has a mailing address where she gets mail in the event they decide to start this matter again."

Defense counsel:  "Right."

The defendant:  "I'm going to take the second chance. Thank you."

The clerk:  "And as to the legal counsel fee, that'll be waived."

Defense counsel:  "Thank you so much."

The clerk:  "Okay?  Good luck, ma'am."

Discussion.  In the proper exercise of discretion, a judge may order discovery of information necessary to the defense of a criminal case.  A certificate of chemical analysis falls within the ambit of the Commonwealth's rule 14 discovery obligations. See Mass.R.Crim.P. 14(a)(1)(A)(vii), as amended, 444 Mass. 1501 (2005).  Upon failure of the Commonwealth to comply with a lawful discovery order, a judge "may impose appropriate sanctions, which may include dismissal of the criminal charge." Commonwealth v. Douzanis, 384 Mass. 434, 436 (1981), citing Mass.R.Crim.P. 14(c)(1), 378 Mass. 880 (1979).  "Dismissal of a criminal complaint is the most severe sanction that a court can impose to remedy misconduct on the part of the Commonwealth . . . .  The burden is on a defendant to demonstrate why the dismissal of criminal charges is warranted. . . .  The threshold

to be crossed before dismissal is appropriate is high."
Commonwealth v. Gardner, 467 Mass. 363, 368-369 (2014).

Here the judge sua sponte dismissed the complaint without prejudice because the Commonwealth had not produced a drug certificate that had not yet been created.[2]  "Where a judge dismisses a criminal complaint without prejudice, the judge's decision shall be upheld absent an abuse of discretion."  Id. at 368.  As that standard was recently reformulated, "a judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives."
L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (citation omitted).

We recognize that a judge has a "legitimate 'concern over the court calendar and the need to move cases along.'"
Commonwealth v. Fossa, 40 Mass. App. Ct. 563, 567-568 (1996) (citation omitted).  Thus, we have affirmed the dismissal of a complaint without prejudice where on the morning that a case was called for trial, the Commonwealth was not ready to go forward because the prosecutor had failed to summons the witnesses who

---

[2] As in Commonwealth v. Anderson, 402 Mass. 576, 579 (1988), the Commonwealth's brief here mistakenly relies on a line of cases where complaints were dismissed with prejudice.  See, e.g., Commonwealth v. Cronk, 396 Mass. 194, 195 (1985); Commonwealth v. Borders, 73 Mass. App. Ct. 911, 912 (2009).

were thus not present; defense counsel previously had made "numerous and unproductive court appearances"; the prosecutor took "the cavalier attitude that the complaint, outstanding for six months, was 'young'"; the case "had been continued three times before because of the Commonwealth's inexplicable inability to provide defense counsel with a crucial discovery document, the police report"; and the prosecutor was unable to give the judge "any assurance that a new date would not require even further rescheduling." Commonwealth v. Joseph, 27 Mass. App. Ct. 516, 518-519 (1989). See Commonwealth v. Anderson, 402 Mass. 576, 577, 579 (1988) (judge did not abuse his discretion in dismissing complaints because of "the prosecutor's tardiness and lack of readiness to proceed on the first day of trial, the prosecutor's repeated tardiness on the second day of trial, and the unfairness to the jurors, the witnesses, and the defendant inherent in the prosecutor's undue delays," and where "[t]he Commonwealth has demonstrated no undue prejudice from the judge's decision to require instead that it seek fresh complaints and begin the process of prosecuting the defendant anew"); Commonwealth v. Clark, 454 Mass. 1001, 1002 (2009), (judge has authority to dismiss an indictment without prejudice "where the Commonwealth has repeatedly failed to produce its witnesses and effectuate a prosecution"), citing Commonwealth v. Jenkins, 431 Mass. 501 (2000).

On the other hand, we have vacated the dismissal of a complaint without prejudice where, on the morning of trial, though the defendant's five witnesses were present, the prosecutor was not ready to go forward because he had just been informed that the arresting officer who had been summonsed was on active duty in the National Guard.  Commonwealth v. Jackson, 27 Mass. App. Ct. 521, 522 (1989).  Concluding that the record did not warrant the judge's dismissal of the indictment without prejudice, we said:

> "[W]e do not see any support in the record before us for the judge's finding that the officer was negligent in failing to notify anyone of his National Guard duty.  There is no indication whether the officer had been informed of the trial date prior to the issuance of the summons, whether the summons was served before or after he left for active duty, or whether he had arranged or reasonably expected that another officer within the police department would timely explain his inability to appear on the scheduled trial date. . . .
>
> "Additionally, although the judge found that the officer's conduct was prejudicial to the defendant, the only fact on this record to lend support to that finding is that the defendant's five witnesses were present.  We do not minimize the inconvenience caused by the turn of events, but we do not view that fact, standing alone, as sufficient to constitute prejudice justifying dismissal of the complaints."

Id. at 523.  See Commonwealth v. Gardner, 467 Mass. at 368 ("[D]ismissal of the criminal complaint was unwarranted where the defendant failed to show that Dookhan [the forensic chemist] might have tampered with the evidence in his case and where

there was no evidence that the Commonwealth had withheld or failed to disclose existing exculpatory evidence").

We think that the instant case is more similar to Jackson and Gardner than it is to Joseph and Anderson. There is no indication on this record that the prosecutor acted in a "cavalier" fashion or that the defendant was inconvenienced by the delay in providing the discovery; indeed, the defendant was not contesting that the drugs in issue were her own prescription drugs and counsel informed the court that because they were prescription drugs he was "not as concerned" about the delay in providing the drug certificate. As in Jackson, and unlike in Joseph, it appears that here there was a mitigating explanation for the delay in testing and certification -- i.e., the congestion in the Commonwealth's drug analysis laboratories caused by the closing of the Jamaica Plain laboratory after the discovery that a forensic chemist had signed numerous misrepresented drug certificates there.[3] See generally Commonwealth v. Scott, 467 Mass. 336, 337-342 (2014). As reflected by the judge's advice here to the defendant that the Commonwealth could reinstitute charges, there is no indication of deliberate governmental misconduct that might warrant the sanction of dismissal. See Commonwealth v. Gardner, 467 Mass.

---

[3] Such notice of a mitigating factor does not in any way diminish the Commonwealth's obligation to provide prompt and diligent discovery.

at 368 (contrasting cases where the sanction was appropriate). We further note that unlike in Joseph and Anderson, this case had not reached the trial stage and there was no inconvenience to jurors or witnesses.  In any event, the record is silent as to the causes of the two prior continuances, which were not objected to by the defendant, nor is there any reason provided why the judge did not pursue a course short of dismissal without prejudice.  For example, he could have ordered a break in the proceedings and directed that the prosecutor call the Sudbury laboratory to determine the precise status of the certificate and also to set a firm date for its delivery as well as a firm trial date.  In short, confined in our review to the spare record here, and though appreciating the concern of the busy judge to move his docket, we are left to conclude that the dismissal, which the defendant did not seek, "falls outside the range of reasonable alternatives," L.L. v. Commonwealth, 470 Mass. at 185 n.27, and was thus an abuse of discretion.

The order dismissing the complaint is vacated and the case is remanded for further proceedings.

So ordered.