In this consolidated appeal, the Commonwealth contends that the District Court judge abused his discretion in dismissing the charges against the defendant, Brandon C. Phillips. The defendant appeals from an order of the single justice granting the Commonwealth's request for leave to file a late notice of appeal and from the denial of his motion for reconsideration. We affirm the orders of the single justice, and vacate the order of the District Court dismissing the charges.
Background. On January 23, 2017, a judge of the District Court dismissed, without prejudice, charges of use of a motor vehicle without authority, G. L. c. 90, § 24(2)(a ), and malicious damage to a motor vehicle, G. L. c. 266, § 28(a ). On January 27, 2017 the Commonwealth filed a motion to reconsider that was denied on February, 1, 2017. On March 10, 2017, the Commonwealth moved in the District Court for additional time to file a notice of appeal. When the District Court judge did not respond, the Commonwealth filed a motion to file a late notice of appeal pursuant to Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979), with the single justice of this court on June 23, 2017. On June 30, 2017, the single justice allowed the Commonwealth's motion. The defendant moved for reconsideration on July 28, 2017; the motion was denied on July 31, 2017. The defendant filed his notice of appeal on August 24, 2017.
Late Notice of Appeal. The threshold question is whether the single justice abused her discretion in allowing the Commonwealth to file a late notice of appeal. A party "may file a motion with the appellate court or a single justice requesting an enlargement of the time for filing his notice of appeal." Commonwealth v. Barboza, 68 Mass. App. Ct. 180, 183 (2007). See Mass.R.A.P. 14(b). The "single justice ... is empowered to act at any time on a motion to enlarge the time to file a notice of appeal, so long as the appealing party has filed its notice of appeal within one year of the issuance of notice of the order it seeks to appeal." Commonwealth v. Jordan, 469 Mass. 134, 143 n.18 (2014). See Commonwealth v. White, 429 Mass. 258, 263-264 (1999). The Commonwealth filed its notice of appeal within one year of the dismissal of the charges, and shortly after confirming that its motion in the District Court would not be acted upon.
The defendant maintains that the Commonwealth nonetheless failed to show "good cause" to extend the time within which to appeal pursuant to Mass.R.A.P. 14(b), in the sense that the Commonwealth failed to present a question of law meriting judicial review. We agree that the motion in this case was regrettably short of a rationale for the request in this regard. However, in the context of similar motions filed by criminal defendants, we have noted the "importance of the rights lost to the defendant" in assessing "good cause." White, supra at 264. Although the Commonwealth does not share the same constitutional protections as a criminal defendant, the interests of the Commonwealth are not insubstantial. The single justice did not abuse her discretion in allowing the motion.[1]
Dismissal of charges. The Commonwealth contends that the motion judge abused his discretion in dismissing the case without prejudice. The defendant maintains that the charges were properly dismissed as the case was more than two years old and there had been multiple attempts to schedule a trial date.
"Where a judge dismisses a criminal complaint without prejudice, the judge's decision should be upheld absent an abuse of discretion." Commonwealth v. Butler, 87 Mass. App. Ct. 183, 187 (2015), quoting from Commonwealth v. Gardener, 467 Mass. 363, 368-369 (2014). An abuse of discretion is determined by analyzing whether the judge made a "clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives." Butler, supra, quoting from L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
A dismissal without prejudice may be affirmed where the prosecutor is unprepared, is tardy, or otherwise causes undue delay in the proceedings. See Commonwealth v. Anderson, 402 Mass. 576, 577 (1988) ; Commonwealth v. Joseph, 27 Mass. App. Ct. 516, 518-519 (1989). Where delay is not attributable to the Commonwealth, a dismissal without prejudice may be an abuse of discretion. See Commonwealth v. Jackson, 27 Mass. App. Ct. 521, 522 (1989) ; Butler, supra at 188-189.
The Commonwealth did not engage in conduct that caused unnecessary delay in this case. Of the first six continuances, one was ordered when an older case took precedence on the trial calendar, two were attributable to lack of an available judge, and one date was administratively rescheduled. The Commonwealth had appeared on each occasion ready to proceed to trial. Contrast Anderson, supra. One continuance was requested by defense counsel because of a medical emergency (which the Commonwealth states was a default, because the defendant did not appear). Only one continuance was requested by the Commonwealth due to the unavailability of the testifying officer. The defendant did not object.
On the most recent date scheduled for the trial, the complaining witness was unavailable due to a sudden case of the flu that morning. She had rescheduled a vacation to be available on that date, and had been available on the previous six scheduled trial dates. The Commonwealth reported that it was ready for trial at a conference four days before the scheduled trial date. We "appreciat[e] the concern of the busy judge to move his [or her] docket." Butler, supra at 189. However, where the Commonwealth had been ready for trial and diligent in the prosecution of the case, the decision to dismiss the charges without prejudice fell outside the range of reasonable alternatives. Ibid.
The orders of the single justice granting the Commonwealth's motion to file a late notice of appeal and denying the defendant's motion for reconsideration are affirmed. The District Court order of dismissal is vacated.
So ordered.
affirmed in part; vacated in part.

The panelists are listed in order of seniority.

A related issue exists with respect to the defendant's appeal. After the appeal was docketed, an order entered stating that his appeal was solely from the denial of the motion to reconsider, and was untimely as to the underlying order. The defendant did not file a motion for extension of time to file a notice of appeal late pursuant to rule 14(b). Whether we treat the appeal as one from the initial single justice order or the denial of the motion for reconsideration, or both, our disposition would be the same. Accordingly, we do not resolve the procedural question.