NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-410

COMMONWEALTH

vs.

BARRET R. BROOKING.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from an order dismissing a criminal complaint, without prejudice, for failure to prosecute. Because the Commonwealth did not preserve its claim that the exclusion of evidence was an improper sanction for a third party's failure to provide documents in response to a subpoena, and because the dismissal without prejudice was not an abuse of discretion in the circumstances of this case, we are constrained to affirm.

Background.  The Commonwealth filed a criminal complaint against the defendant charging him with two counts of violating an abuse prevention order.  See G. L. c. 209A, § 7.  The Commonwealth alleged that the defendant violated the no-contact

provision of the order by sending the victim messages using an electronic money transfer application.

About seven weeks after arraignment, the Commonwealth filed a motion under Mass. R. Crim. P. 17 (a) (2), 378 Mass. 885 (1979), and Commonwealth v. Lampron, 441 Mass. 265 (2004), styled as a "motion to compel," requesting that the owner of money transfer application be ordered to produce certified copies of the defendant's money transfer requests and accompanying messages relevant to the prosecution (money transfer records).  After a hearing held on July 20, 2023, a District Court judge (first judge) allowed the motion and approved a court order commanding the application's owner to file the responsive documents with the clerk's office by September 1, 2023.

At the next scheduled hearing, on September 18, 2023, the Commonwealth reported that the application's owner had not responded to the court order, apparently because it required additional information before it could comply.  The Commonwealth requested additional time to get the records.  The first judge allowed the Commonwealth's request, but noting the defendant's objection,[1] gave the Commonwealth a "short date" for discovery to

---

[1] The defendant did not lodge a specific objection, but did state that "if the Court was going to allow" the Commonwealth's request for a continuance, then he "would ask for the

2

be completed.  The judge ordered that all discovery be completed by October 31, 2023, and if the money transfer records had not been produced by then, the Commonwealth could not use them at trial.  The Commonwealth did not object.  A final pretrial hearing was scheduled for November 1, 2023.

At the pretrial hearing, held before a different District Court judge (second judge), the Commonwealth reported that the money transfer records still had not been produced and again requested additional time.  The second judge noted that the first judge had set "a firm compliance date," after which these records could not be used at trial.  As the second judge was not inclined to retract the first judge's order, she asked the Commonwealth whether it could proceed to trial without the money transfer records.  The prosecutor answered that the Commonwealth could not proceed because it would become "a he said, she said case."  Referring to screen shots of the messages from the defendant that the victim had provided, the prosecutor added that "we could not prosecute . . . if those records are excluded in their uncertified form."  This comment appeared to be in response to an earlier statement made by defense counsel, who said the first judge had ruled "that the uncertified screen

_____

Commonwealth's discovery to close on that next date."  The judge characterized the defendant's position as an objection to the continuance.

3

shots of the allegedly violating [money transfer application] messages would not be admissible."  The prosecutor further stated that the Commonwealth was not inclined to nolle pros the case and asked that any dismissal be without prejudice.

The second judge found that because the money transfer records had not been produced by the compliance date, "[t]he records were deemed to be excluded by this Court on a previous date based on that noncompliance."  Specifically noting that the Commonwealth had not been "dilatory" and had done its "earnest, level best to obtain" the documents, the judge dismissed the case, without prejudice, for lack of prosecution.  The dismissal was entered on the docket on November 2, 2023.  Rather than prosecuting the case anew, as the order of dismissal without prejudice permitted, the Commonwealth filed a notice of appeal on November 29, 2023.

Discussion.  The Commonwealth's principal claim on appeal is that the District Court judges erred or abused their discretion by closing discovery and imposing the sanction of exclusion based on the application owner's failure to timely comply with the subpoena.  The Commonwealth makes several arguments why the sanction was wrong:  that the sanction of exclusion is a remedy for discovery violations by the parties under Mass. R. Crim. P. 14 (c) (2), as appearing in 442 Mass. 1518 (2004), not for third parties' violation of orders issued

4

under Mass. R. Crim. P. 17 (a) (2); that the sanction of exclusion was unwarranted where the defendant was not prejudiced by the delay in obtaining the money transfer records; and that excluding the records was tantamount to dismissal with prejudice. While some of these arguments may be compelling, the Commonwealth did not make any of them at the trial level.

As a general rule, an appellate court will not reverse the decision of a trial judge based on arguments raised for the first time on appeal. See Commonwealth v. Yasin, 483 Mass. 343, 349 (2019); Commonwealth v. Leslie, 477 Mass. 48, 58 (2017); Commonwealth v. Bettencourt, 447 Mass. 631, 633 (2006). "Prompt objections by parties allow judges to cure any defects in the proceedings when they occur." Commonwealth v. Andrade, 481 Mass. 139, 141 n.2 (2018). The Commonwealth did not raise any of the arguments contained in its brief when the first judge set a compliance date and said that the money transfer records would be excluded after that date, nor did it raise any of these arguments when the second judge stated her intention to enforce the first judge's ruling. The Commonwealth's only response was to ask for more time. We are not inclined to depart from the "fundamental principle of appellate review that a prompt objection at trial is a prerequisite to the presentation of an issue for appellate review." Yasin, supra at 348-349, quoting Andrade, supra at 141-142. Accordingly, we proceed on the

5

assumption that the sanction of exclusion of the money transfer records at trial on the complaint was proper.

The Commonwealth's requests for additional time arguably preserved a claim that the second judge abused her discretion by denying a further continuance and dismissing the case instead. "Where a judge dismisses a criminal complaint without prejudice, the judge's decision shall be upheld absent an abuse of discretion." Commonwealth v. Butler, 87 Mass. App. Ct. 183, 187 (2015), quoting Commonwealth v. Gardner, 467 Mass. 363, 368 (2014). Here, before dismissing the case, the judge gave the Commonwealth the opportunity to proceed without the money transfer records. The Commonwealth declined to go forward -- not because it would have been unable to prove its case, but because the prosecutor judged the case too weak to go forward on just the victim's testimony. Rather, to preserve its ability to go forward in the future, the Commonwealth asked the judge to dismiss the case without prejudice, which she did. See Commonwealth v. Anderson, 402 Mass. 576, 579 (1988) (dismissal without prejudice allows Commonwealth to "seek fresh complaints and begin the process of prosecuting the defendant anew"); Commonwealth v. Pimentel, 99 Mass. App. Ct. 597, 600-601 (2021) (where Commonwealth is unable to proceed due to absence of witness, dismissing complaint without prejudice allows Commonwealth to file new complaint and start again).

6

We are not persuaded that the dismissal effectively precluded the Commonwealth from refiling the charges against the defendant.  The second judge made it clear on the record that the dismissal was not for any misconduct by the Commonwealth, suggesting that the sanction was specific to the current complaint, and that the Commonwealth would not be precluded from introducing the money transfer records in a subsequent proceeding.  See Commonwealth v. Edwards, 491 Mass. 1, 10-11 (2022) (holding that sua sponte dismissal of Commonwealth's case with prejudice for late disclosure of evidence was abuse of discretion, but suggesting the dismissal without prejudice would have permitted Commonwealth to use same evidence, with proper notice to defendant, at retrial).  The discovery sanction here did not have the same effect as, for example, allowing a motion to suppress as a sanction for failure to prosecute, as it was not a legal determination with res judicata effect that would "forever foreclose[] the Commonwealth from proceeding." Pimentel, 99 Mass. App. Ct. at 602.[2]

---

[2] The better practice in the present case, where the Commonwealth did not have control over the production of the materials sought pursuant to Mass. R. Crim. P. 17, may have been to grant a further continuance or to issue further orders to compel production of the materials.  See Mass. R. Crim. P. 17 (a) (2) (authorizing court to "direct that books, papers, documents, or objects designated in the summons be produced before the court within a reasonable time prior to the trial or prior to the time when they are to be offered in evidence").

Even in the unlikely event that the judges here intended to preclude the Commonwealth from using the money transfer records, if later produced by the application's owner, to prosecute a new complaint, nothing precluded the Commonwealth from going forward with the victim's testimony supplemented by her own screen shots of the defendant's communications. Although the prosecutor and defense counsel seemed to assume that the first judge had ruled the victim's screen shots to be inadmissible unless certified, no such order appears on the docket or in the transcript of any hearing. Moreover, there is no basis in law for such a ruling. If properly authenticated in court, screen shots of cell phone communications and social media posts are admissible. See Commonwealth v. Gonsalves, 99 Mass. App. Ct. 638, 641-642 (2021); Commonwealth v. Meola, 95 Mass. App. Ct. 303, 307 (2019).[3]

---

That notwithstanding, in view of the Commonwealth's failure to object to the first judge's order, we cannot say that either judge abused her discretion.

[3] Certification is a prerequisite for the authentication of certain records delivered to the court by third parties. See, e.g., G. L. c. 233, § 79 (hospital records); G. L. c. 279, § 79J (business records). Had certified copies of the money transfer records been produced, they would be considered authentic without the need to call a witness from the application's owner. But see Commonwealth v. Lehan, 100 Mass. App. Ct. 246, 256 (2021) (certification under G. L. c. 233, § 79J, overcomes an authenticity objection, but not a hearsay objection).

Because the Commonwealth declined to proceed without the money transfer records, and because the judge's decision to dismiss the complaint without prejudice did not preclude the Commonwealth from going forward on a new complaint, we cannot say that the judge's decision to deny a further continuance was "'a clear error of judgment in weighing' the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives."  Butler, 87 Mass. App. Ct. at 187, quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Order dismissing complaint
  without prejudice affirmed.

By the Court (Massing,
  Neyman & Wood, JJ.[4]),

_Paul Little_

Clerk

Entered:  April 25, 2025.

---

[4] The panelists are listed in order of seniority.