NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-289

COMMONWEALTH

vs.

ERIC LASALLE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is an appeal by the Commonwealth from a District Court judge's order dismissing without prejudice a complaint charging the defendant, Eric Lasalle, with receiving a stolen motor vehicle, and from an order denying the related motion to reconsider. The Commonwealth asserts that the judge abused her discretion in dismissing the criminal complaint because the Commonwealth bore no fault in the nonappearance of police officers summonsed by the defendant to testify at trial. We affirm.

Background. The facts which led to the order of dismissal are not in dispute. On February 22, 2023, a complaint was issued by the Lynn Division of the District Court Department,

charging the defendant with receiving a stolen motor vehicle, G. L. c. 266, § 28 (a). A trial date was scheduled for August 22, 2023, but the defendant did not appear on that date, and a default warrant issued. The default warrant was later removed and on January 18, 2024, although both parties answered ready for trial, the case was continued to April 11, 2024, due to court congestion. On that date, the Commonwealth again answered ready for trial. The defendant, however, requested a continuance because the arresting officer, whom defense counsel had properly summonsed, did not appear. The case was continued a second time due to court congestion.

On July 23, 2024, the fourth trial date, two police officers summonsed by the Commonwealth and the defendant did not appear.[1] The Commonwealth again answered ready for trial, representing that it could proceed with the one officer who had appeared. The defendant requested the case be dismissed, characterizing both absent witnesses as "critical." The case was set for a later call that day.

At the next call of the case, the prosecutor reported that she had reached out to the two officers who had not appeared, who "informed [her] that they were unavailable to come to Court

---

[1] In total, three police officers summonsed by the defendant did not appear on the July 23, 2024 trial date.

today."  The judge then dismissed the complaint without prejudice over the Commonwealth's objection.  The Commonwealth's motion to reconsider was denied, and this appeal followed.

Discussion.  "Where a dismissal is without prejudice, the judge's action should be upheld in the absence of an abuse of discretion."  Commonwealth v. Connelly, 418 Mass. 37, 38 (1994).  Under this standard, we determine whether the judge's decision resulted from "'a clear error of judgment in weighing' the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives."  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

As the judge noted in her decision on the Commonwealth's motion to reconsider, this was the "third trial date at which the defendant appeared," and the "[d]efendant sent the summons more than 2 months before the 7/23/24 trial date and followed up by email."  Where the officers did not appear despite being summonsed by both the defendant and the Commonwealth, and did not provide the judge a reason for their absence, dismissal without prejudice does not fall outside the range of reasonable options available to the judge.[2]  See State Realty Co. of Boston

_____

[2] While the Commonwealth argues that the judge could have ordered another continuance or issued capias warrants for the missing witnesses, the prosecutor never made these suggestions to the judge, nor do such options necessarily render the

3

v. MacNeil Bros., 358 Mass. 374, 379 (1970) (court has "the right and the duty to keep the judicial system in efficient operation").

Furthermore, there has been no showing by the Commonwealth that there is any undue prejudice in seeking a new complaint against the defendant. "The Commonwealth may not claim the dismissal caused prejudice to it merely because it would have to seek a fresh complaint when ready to proceed anew with the prosecution." Commonwealth v. Corbett, 26 Mass. App. Ct. 773, 778 (1989). The absence of such prejudice further supports our finding of no abuse of discretion. See Commonwealth v. Anderson, 402 Mass. 576, 579 (1988).

The order dismissing the complaint without prejudice and the order denying the motion to reconsider are affirmed.

So ordered.

By the Court (Vuono,
Ditkoff & D'Angelo, JJ.[3]),

Clerk

Entered: March 4, 2026.

---

dismissal without prejudice "outside the range of reasonable alternatives." L.L., 470 Mass. at 185 n.27.

[3] The panelists are listed in order of seniority.

4